BEEBE and others *vs.* COLEMAN AND ALLEN.

Where B. purchased a lot of land from W. and took a deed therefor which was recorded shortly afterwards, and a few days previous to the purchase, W. gave a written lease of the premises to C. for two years, at a rent of $800, for which notes were given to W. and the lease gave the lessee the privilege of cutting and carrying away all the wood and timber on the lot, and B. purchased *without* notice of this lease, but the lessee was in actual possession of the lot when B. purchased ; *Held* that the lease being for a term not exceeding three years, and the right to take off the timber being limited to its continuance, it was not within the provision of the revised statutes requiring conveyances of lands to be recorded, to render them valid as against subsequent bona fide purchasers ; *also Held,* that as the right to distrain for the rent was given in the lease, the title to the notes given for the rent, as well as the title to the land, passsed to B. by the deed of W. and that C. might be compelled to pay the notes to B. as a part of the rent reserved, unless the notes had passed into the hands of bona fide purchasers ; and that if W. had subsequently parted with t h notes to bona fide holders, he would be personally liable to B. for the amount, whether he did or did not convey with warranty to B.

THIS was an appeal from an order of the vice chancellor of the eighth circuit, dissolving an injunction. Beebe, one of the complainants, was the owner of a lot of land in the town of Gates, the principal value of which, consisted in the wood and timber standing and growing

-1840.

Beebe
v.
Coleman.

thereon; and the other two complainants were the assignees of a mortgage which Beebe had given upon the same lot to secure the payment of a debt. The bill was filed to restrain the defendants, who were in possession of the premises, from committing waste by cutting down and carrying off the wood and timber. Beebe purchased the premises from A. Wentworth, on the 9th of November, 1839, and took a deed, which was recorded shortly afterwards; and on the same day he gave the bond and mortgage which was afterwards assigned to the other complainants. A few days previous to the conveyance to Beebe, Wentworth, the then owner of the lot, gave a written lease thereof to the defendants, for the term of two years and five months, at a rent of $800, and interest thereon from the date of the lease, for which notes were given, payable at the time specified in the lease. This lease stated that the lot was covered with standing timber, except about four acres which had been chopped over, and that the lessees were to have the privilege of cutting and of taking away, during the term, all the wood and timber on the premises, except that which was already cut. The complainants alleged that Beebe purchased, and the other complainants took the assignment of the mortgage, without any notice of the claim of the defendants to the timber. And their counsel insisted that the lease not being recorded, the privilege of taking off the timber from the premises, during the term, was void as against them. But the defendants in their answer stated that they were in the actual possession of the premises under the lease, and were engaged in cutting the wood and timber thereon, at the time the deed to Beebe and his bond and mortgage were given.

The following opinion was delivered by the vice chancellor:

WHITTELSEY, V. C. This injunction should not have been allowed by the vice chancellor acting as master without the bond required by the 31st rule. I allowed the injunc-

tion in the first instance, but I have a strong impression, amounting almost to a certainty, that the injunction was applied for in open court at a special term, but the clerk not being present, a fiat was made on the bill in the usual mode, without a statement that it was made in term time. But, however this may be, it is competent to retain it, and it would be retained by allowing a bond to be filed *nunc pro tunc*, if the equity of the case satisfies me that the injunction should be retained. Neither do I think the misjoinder of the parties complainant, urged by the defendants' counsel, any reason for dissolving the injunction. A great portion of the value of the land consisted in the growing timber ; and if this was wholly about to be removed, the injury would clearly to that extent be irreparable. The case presented by the bill would authorize an injunction, and the injunction would stand, if the case now stood where the bill left it. The lease, or instrument called a lease, was executed by Wentworth, then owner of the fee, November 3, 1839, to the defendants, who went into possession under it November 8. Wentworth conveyed to Beebe by deed dated November 9, which was delivered November 16. If the first instrument was a lease, it being for a less term than three years, it would be operative in the hands of the defendants without record, and no notice was necessary for the protection of the defendants interested. The defendants would hold without notice to the complainants and without having their lease recorded. It was not recorded. The complainants contend that this instrument called a lease was not such in point of fact, but that it was a grant of an interest in real estate which the statute required to be recorded, to protect this interest against the claim of a subsequent bona fide purchaser. The defendants insist in their answer that the complainants, or one of them, had actual notice of the execution and existence of this lease before the deed from Wentworth was executed. But this averment is made upon information and belief and is not sufficiently positive ; neither does the affidavit attached to the answer speak upon this point. It is apparent from the

papers, that either the lessees under the instrument called a lease, or the purchasers under the deed, must suffer in their rights. The lessees were in possession before the deed, and this is to a certain extent notice; and though there may be some doubt whether the instrument under which the defendants claim is a technical lease, yet I shall dissolve the injunction, costs to abide event.

*J. Rhoades*, for the appellants. A lease is a contract for the possession and profits of lands and tenements on the one side, and a recompense of rent or other income on the other. (4. *Cruise's Dig.* 51. 4 *Bac. Ab. p.* 1.) A lease for years does not convey to the lessee any other, or greater, interest in the premises than the occupancy and use of the land, for the time specified in the lease. An instrument which conveys to the lessee, in addition to the possession and profits of the premises for a period of years, a large quantity of valuable wood and timber growing on the premises at the date of the instrument, must be regarded as something more than a simple lease for years. The lease in this case is one of this class. The trees and timber growing on lands belong to the owner in fee, and are considered a part of the freehold and parcel of the inheritance; and the law does not favor the severance of them from the freehold. (1 *Cruise's Dig.* 64.) A grant or devise of an interest in growing wood is a grant of an interest in the soil itself. (13 *Pick. R.* 44.) Ownership of trees and timber standing on a lot of land, with a right to cut and carry away the same forever, is an estate of inheritance with an exclusive interest in the soil, so far as may be necessary for the support and nourishment of the trees, and ingress and egress to take them away. (4 *Mass. R.* 226.) The estate which the defendants acquired under their lease was more than a chattel interest. And the lease being more than a simple lease for years, was not embraced in the exception contained in 2 *R. S. ch.* 3, *pt.* 2, § 36. Every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or

by which the title to any real estate may be affected in law or equity, except last wills and testaments, *leases for a term not exceeding three years*, and executory contracts for the sale or purchase of lands, shall be recorded, &c.     (2 *R. S. ch.* 3, *pt.* 2, § 1, 38.) The lease in this case not having been recorded, was void as against subsequent purchasers in good faith and without notice. If a bond ought to have been filed by the complainants, on obtaining the injunction, the court may order a bond now to be filed, *nunc pro tunc.*

*J. V. L. Pruyn,* for the respondents. The injunction was irregularly issued, because no bond was filed by the complainants. (*Chancery Rule,* 31. *Sullivan* v. *Judah,* 4 *Paige's Rep.* 444. *Cayuga Bridge Co.* v *Magee,* 2 *Id.* 122. 2 *R. S. new ed.* 117, § 155.) Beebe had an adequate remedy at law; he might bring ejectment, and then an order to stay waste would be granted on application. (4 *Wendell,* 208. 11 *Id.* 160.) There is a misjoinder of parties complainants. Beebe claims in fee; Dows and Carey are assignees of the mortgage given by him. The lease being for a period of less than three years, was operative without being recorded; and no notice to the complainants was necessary. If the instrument was more than a lease, and contained a grant of an interest in real estate which the statute required to be recorded, still the defendants will hold as against the subsequently recorded deed; because the complainants had notice of their claim before the deed was delivered, and because the defendants were in the actual possession of the premises, &c. prior to the deed. If a vendee is in possession of lands, under a contract to purchase, a subsequent purchaser or mortgagee has constructive notice of his equitable rights, and takes the land subject to his prior equity. (*Governeur* v. *Lynch,* 2 *Paige's Rep.* 301.) An answer will be sufficient to dissolve an injunction, if it sets forth circumstances disproving the facts of the bill, although it does not positively deny them. (3 *Eq. Dig.* 459.) An injunction to stay waste

will not be granted where the right is doubtful, or where the defendant is in possession claiming adversely. (*Storm* v. *Mann*, 4 *John. Ch.* 21, 22. 13 *Pick.* 44. 4 *Mass. R.* 226. 1 *Cruise's Dig.* 118.)

1840.

Beebe
v.
Coleman.

THE CHANCELLOR. The vice chancellor was undoubtedly right as to all the technical objections to the injunction. The complainants had a common although not a joint interest in staying the destruction of the timber on the premises, and were properly joined in the suit. And as there was no affidavit that the injunction was allowed upon the certificate of the vice chancellor acting merely as an injunction master, and without requiring security, the legal presumption was that the clerk had done his duty, and that the injunction had not been irregularly issued. Although it was a proper case to have required security, yet if the vice chancellor allowed it as the judge of the court before whom the bill was filed, the clerk was bound to obey the order ; and the issuing the injunction was regular. The vice chancellor, even in that case, however, might have ordered the injunction to be dissolved, unless the complainants would then give security to pay the defendants' damages in case the bill was not sustained.

Upon examination of the instrument under which the defendants claim the possession of the premises, and the right to take off the timber during the term, I am of opinion that it is a lease of the premises for a term not exceeding three years. And as the right to take off the timber is limited to the continuance of the lease, it is not within the provision of the revised statutes requiring conveyances of lands, except leases not exceeding three years, to be recorded, to render them valid as against subsequent bona fide purchasers. Although the rent was secured by notes, the right to distrain for the same was also given. The title to the notes given for the rent, therefore, as well as to the land itself, passed to Beebe by the conveyance of Wentworth of the 9th of November, 1839. And the defendants may be compelled to pay those notes to the com-

plainants, as a part of the rent reserved in the lease, unless the notes have gone into the hands of bona fide purchasers thereof, as negotiable securities. If Wentworth has parted with them, so that his grantee of the land will not be able to recover the rent of the lessees, he will be personally liable for the amount, whether he did or did not convey the land with warranty. There is no allegation in this case that the defendants colluded with Wentworth, to purchase this timber by means of a secret lease, for the purpose of defrauding the purchaser from him. And as they were in the actual possession of the land under the lease at the time of Beebe's purchase, the vice chancellor was right in dissolving the injunction upon the bill and answer. His decision must therefore be affirmed with costs.