Lipscomb, J.
The identity of the land intended to he conveyed by the deed was a question of evidence to be passed upon by the jury, and if it was described with sufficient certainty as to be rendered certain by other testimony it ought to have been permitted to go to the jury. We do not think the deed was obnoxious to the objection sustained by the court to it.
If, however, as is urged by the appellee’s counsel, the deed was incompetent evidence, as going to prove title when an inquiry into the legal title was not in issue, but‘the possession only, and that the legal title or merits of the title was excluded by statute, then the evidence might well be excluded, and the judge’s excluding it on a wrong ground was no ground of error. And this presents the question of the competency of one who has entered into possession under a lease to hold over on a claim of title in himself.
Tiie act of 1840, providing a summary remedy to enable landlords or lessors to obtain possession of lands or tenements unlawfully detained or withheld by tenants, (art. 1759, Dig.,) authorized the summary proceedings in this *276 case, and the act contains the express provision that the estate or merits of the title shall not be brought in question. (Art. 1707, Dig’.) Under this last provision it was manifestly intended that, in this summary proceeoding, the only question should be whether the defendant held tiie possession iu tin; character of tenant under or derived from the plaintiff iu the suit. The act of 18-18 (Dig'., p. 449) contains ail the provisions of the former act as to the rights of the landlord, and is, in its terms, the same, excepting that it drops from its provisions that, on the trial, “the estate or merits of the title shall not be “brought in question.” It being a re-enactment of the former act, with the exception noticed; it is believed to have superseded that act, and that the exception is no longer a part of the statute regulating such trials.
This brings us to inquire how this question stands at common law. The proposition, that a tenant will not be heard to dispute the title under which he entered, as a general one, is correct; but it is believed to be subject to some exceptions. And the modern tendency of the courts has been liberally to allow those exceptions, and each one, of course, must depend upon its own peculiar circumstances.
If a defendant pleads the statute of limitations, he will be held to hold under the title by which he entered; yet he will be permitted to controvert the x>re-snmption of his possession being under the title by which lie had entered. Any acts of the defendant known to the plaintiff, or from their notoriety supposed to be known to him, inconsistent with such tenure, will bo considered as repudiating it; and from that time the possession would be adverse. (Opinion of Chief Justice Marshall in ■-v.-.)
This is clearly the case where the suit is brought to try title; and we believe that it would not be extending the principle of such exceptions too far, when, the possession alone was suecl for, to allow the tenant iu possession, holding over, to protect himself by showing a title consistent with the title under which he had originally entered; aud this is far enough to go for the case before us.
Suppose that, after the lease had been made, and the tenant had eutered, the lessor had, before the expiration of the lease, sold all his right aud title to the land in question. If, notwithstanding such sale, ho should, after tiie ■term of the lease expired, bring an action to recover tiie possession, he could not recover; because that the sale of the whole estate carried with it to the Vendee the right of possession. But, to make the ease still stronger, suppose this vendee had sold to tiie tenant in possession; tiie defendant, if sued by tlri original lessor, under whom lie had entered, could protect himself by such title so derived from the person under whom he had acquired (lie possession. Tiie sale made under the judgment against Stanfield is prima facia good, and conveyed to the appellant, as the purchaser, all tiie right, title, ami interest that Stanfield held or possessed in the premises as fully as if made by himself, the right to the possession included. If these rules are not correct, and a person who lias entered as a tenant for a term, cannot, under any circumstances, be allowed to protect himself after holding over, against a suit brought for the possession against him by his lessor, it would result in this, that if, after making a lease, the loasor conveys all his right and title to tiie tenant before tiie expiration of tiie term, ire could yet sue for tiie possession and recover it, aud drive the tenant to another suit to try title, or upon tiie covenants eomniued iu the deed of tiie very person who had turned him, under such circumstances, out of possession of his own property. A state of tilings not to be tolerated under any sound and wise system of'jurisprudence, aud, more ('.specially, not our own, where all the rights of the parties can aud ought to he litigated aud adjudged in one action.
We believe that it was competent for tiie appellant to have offered in evidence the sale made under the execution from the justice of tiie peace, and, if valid, that it would have been a complete defense to the action, and that tiie court erred in withholding it from tiie jury. This is the most material question presented by the record, and 'on which it must turn on a new *277 trial. We have not leisure to discuss other questions raised. The judgment is reversed and the cause remanded.
Reversed and remanded.
Note 100. — Moffatt v. Sydnor, 73 T., 628; Lyles v. Murphy, 38 T., 75. Yefc if ihere he fraud on the part of the landlord in the execution of the lease, and ho is unable by reason of insolvency to indemnify the tenant for rents wrongfully exacted, the tenant may, while in possession, purchase a superior title if he does so in good faith, from a well-grounded fear of eviction, and may rely on the tide thus acquired in resisting a suit by the landlord for possession, (Gallagher v, Bennetts’ Heirs, 38 T., 291.)
Note 101. — Andrews v. Richardson, 21 T., 288.