## HORATIO WOODWARD V. JOSEPH RODGERS.

Where the vendee of real property would resist the payment of any part of the purchase money, or claim damages in reconvention, on the ground that the plaintiff, the vendor, had previously sold part of the same property to another person, the plea should state distinctly what part of the property was so sold, to whom sold, and it would seem, whether such prior sale had been recorded.

The defendant holds by deed with warranty; and when he pleads defect of title as a set-off or in reconvention against the payment of the purchase money, he must aver such facts as would show beyond dispute, that his title to the whole, or to some specific portion, is worthless; and that he either has been evicted, or is liable to eviction by a due course of judicial proceeding.

Quere, whether the reasoning in this case intimates that a vendee who, after the sale, but before the payment of the purchase money, receives notice of a prior sale by the vendor, can pay the purchase money, and claim protection as an innocent purchaser?

Appeal from Leon. Tried below before the Hon. John Gregg.

Suit by appellee against appellant on a promissory note for $347, dated April 3d, 1855. Plea of *nil debet*, and special plea as follows :—

That on the 27th day of August, A. D. 1854, he purchased of said plaintiff one undivided fourth interest in nine hundred and sixty acres of land, on the Trinity river in Leon county, the

same being a portion of Eli Chambers' headright survey, and known as the town tract formerly called Rodgers, now called Cairo, and embracing one-fourth interest in said town of Cairo, to which said land he took a warrantee deed, signed by said plaintiff and his wife, on the day above stated. Defendant alleges that he was to pay said plaintiff thirty-five hundred dollars for said land, and that he has paid said plaintiff the entire amount of said purchase money, with the exception of the amount of the note sued upon in this suit; and that since said purchase he has found out and will be able to prove, that said plaintiff had sold and realized the money for four lots in the town of Cairo, of the interest purchased by the defendant as aforesaid, of the value of one hundred and thirty dollars; and that of these four lots of the aforesaid value, he has been ousted and ejected. Defendant further charges that plaintiff fraudulently concealed the fact of said sale from him, and by his representations and his said deed induced him to purchase the said land. Defendant alleges that he had no means of knowing of the sale of said lots, and that he was imposed upon by said plaintiff in said purchase; that he is ready and willing to pay the balance of said purchase money, after this deduction is made, and claims the same as damages sustained by him in reconvention.

Plaintiff filed a general demurrer to said special plea, and for cause assigned :—

1st. Defendant does not aver that he has been ousted by legal process from said lots.

2d. Defendant does not aver that he defended the title to said lots, or called on plaintiff as his guarantor to defend his title and possession to said lots.

3d. Defendant does not show by whom he has been ousted from said lots, or to whom plaintiff sold the same, nor does he designate the lots.

The exceptions were sustained, and defendant failing to amend, evidence offered to sustain the plea was excluded; to which ruling defendant objected. Judgment for plaintiff, &c.

*Woodward*, for himself, referred to a notice which was served on the plaintiff by defendant, to produce the list of lots sold by him, and which he said plaintiff refused to do; (but it did not appear by the record;) and cited Brock v. Southwick, 10 Tex. R. 65 ; Stewart v. Insall, 9 Id. 397.

*W. D. Wood,* for appellee, argued in support of the judgment below.

HEMPHILL, CH. J.    We are of opinion that the exception to the special plea in defence was properly sustained.

The defendant alleged that he had been ousted and ejected from four of the lots purchased; but what four, out of the tract of nine hundred and sixty acres, is not averred or specified. He alleges that since his purchase he had discovered that the plaintiff had sold these lots; but he does not state to whom they were sold; whether the titles of the purchasers were on record at the time of his purchase.    He charged that he had been ousted and ejected.    His defence amounts to this, that there were four lots somewhere on this large tract from which he had been ousted, but without any averments identifying the lots, or allegations of such facts as would show an outstanding title indisputably superior to his own; for this, if averred, would without actual eviction, have constituted a good defence in a suit for the purchase money.

The defendant avers also that plaintiff fraudulently concealed from him the fact of said sale, and by his representation and deed induced him to purchase the land.    This averment is also objectionable for its vagueness.    No specific facts and circumstances are alleged, which would amount to a fraud.    He alleges that the plaintiff concealed a prior sale of some indefinite, undescribed portions of the land; but does not aver, as we have before stated, that the purchasers under this sale, which was concealed from him, had a title superior to his own.    He does not show that the conveyances under the prior sale had been recorded.    If they were not and he had no actual notice, as he avers, his title could not be impeached by those previously executed; and whether the prior sale was concealed from him or not, is immaterial; as the fact one way or the other, if he had the best title, could not affect his rights.

The defendant may have had a good defence, but there is such want of certainty, so much vagueness in the averments that the plaintiff could not be required to respond by pleading; nor did they lay a sufficient foundation for the introduction of evidence.

The defendant holds by deed with warranty; and when he pleads defect of title as an offset or in reconvention against the payment of the purchase money, he must aver such facts as would show, beyond dispute, that his title to the whole or to

some specific portion, is worthless; and that he either has been or is liable to eviction by a due course of judicial proceeding. The defendant avers that he has been ousted, but does not aver that this has been by legal process, or that he defended the suit, or called on the plaintiff to make defence. There was no error in ruling out the plea, and it is ordered that the judgment be affirmed.

Judgment affirmed.