Andrews v. Richardson.

JOHN D. ANDREWS V. S. R. RICHARDSON AMD ANOTHER.

Where an order was made at the June Term, 1847, to the effect that if the plaintiff should not amend his petition, by the first day of the Term next succeeding, the case should be dismissed; and at the next Term the presiding Judge was incompetent to set in the case, and various continuances were entered, and orders of Court made up to December, 1854, when the venue was changed to Fort Bend county, and at the Fall Term, 1856, a jury was waived and the cause submitted to the Court, who took the case under advisement until next Term, and at the next Term leave was given to both parties to amend, and on a subsequent day a motion was filed to dismiss the cause, because plaintiff's amendment was not filed in accordance with the decree of the June Term, 1847, and the Court dismissed the cause, *Held*, That the dismission was error.

Under such an order as that of June Term, 1847, the amendment must have been received at any time before the case was called for trial, provided, the delay was not such as to prejudice the rights of the adverse party.

It was too late to ask the enforcement of the order of June, 1847, after the subsequent action of the parties, and especially after the case had been submitted to the Court for decision on the merits.

Where under a judgment obtained in 1842, an execution was issued in 1843, and the next in April, 1846, under which property was sold, such last execution is not a nullity, and the title acquired by the purchaser is not affected by the omission.

In a sale under an execution, where there is such a departure from the law as is sufficient to invalidate it, a party cannot be permitted to avoid the sale and retain the property without refunding the price paid by the purchaser in discharge of the judgment. And where the owner of the judgment is the purchaser at such a sale, he should upon its being adjudged invalid be

reinstated in his original right in the decree or judgment and have execution thereof.

A purchaser at such sale until it be avoided at the instance of the party having the right to complain of the irregularity is entitled to recover possession. And a tenant under the defendant in execution is not obliged to defend against him, but may attorn to him.

Appeal from Fort Bend. Tried below before Hon. J. H. Bell.

On the 26th day of December, 1842, League, Andrews & Co., recovered a judgment, in the District Court of Harris county against Stephen Richardson and Francis Moore for $2475 00 and costs of Court upon a debt secured by mortgage, in which judgment the Court decreed the sale of the mortgaged property.

On the 1st day of September, 1846, the Sheriff under process issued upon said judgment and decree, sells the mortgaged premises to the plaintiff for $2145 00, and executed a deed for the same to the plaintiff in which he recites the order of sale and the appraisement.

On the 1st day of January, 1847, the plaintiff leases the property he purchased under the Sheriff's deed to Philip B. George, one of the defendants, for one year.

It appears from the pleadings that the defendant, George, was in possession of the mortgaged premises at the time of sale to the plaintiff, holding it as the tenant of the defendants, Richardson and Birdsall, he, Birdsall, having bought out Moore, after the mortgage to League, Andrews & Co., was executed, and as set up in plaintiff's amended petition, after judgment and decree of foreclosure. After the purchase by plaintiff, George attorns to the plaintiff, as his landlord, and enters into an indenture of lease.

Defendants, Richardson and Birdsall, then proceed against George before a Justice of the Peace, under the Landlord and Tenant Law, to obtain possession of the premises sold by the

Sheriff to plaintiff, and by him leased to George, claiming George to be their tenant ; and a judgment for possession of the premises was rendered against George on the 20th day of January, 1847, on which a writ of possession issues, and the return thereon shows that service was enjoined.

On the 30th of January, 1847, the plaintiff files his bill, praying for an injunction, &c., setting out the whole facts of his case.

The Court orders the injunction to issue, restraining defendants, Birdsall and Richardson, from further proceedings against George &c.

The defendants, Birdsall and Richardson, on the 20th May, 1847, file a motion to dissolve the injunction, &c.

On the 23rd May, 1847, defendants, Richardson and Birdsall, file their answer to the bill.

On the 30th May, 1847, the Court decreed a dissolution of the injunction and restoration of the property to defendants, retaining plaintff's petition or bill on the docket, because there is equity in the bill, with leave to plaintiff to amend his petition on or before the first day of the next Term of Court ; and if not amended by that time, that the cause be dismissed with costs.

At the December Term, 1847, the counsel for plaintiff had been elected Judge, and no order is made in the cause.

At the June Term, 1848, death of defendant, Birdsall, is suggested, and *scire facias* is suggested to his representative, and leave given to plaintiff to amend and cause continued.

On the 4th of May, 1849, D. C. W. Harris, administrator of Birdsall, is made a party defendant by service of *scire facias*.

At the November Term, 1851, the cause is continued by consent upon agreement of counsel.

On the 15th December, 1854, the plaintiff files his amended petition.

There were various continuances in the cause down to De-

cember 18th, 1854, when the venue was changed to Fort Bend county.

At the Fall Term, 1856, the right of trial by jury is waived, and the cause taken under advisement by the Court until the next Term.

At the Spring Term, 1857, leave is given to both parties to amend.

On the 24th June, 1857, the defendants file a motion to dismiss the cause, because plaintiff's amendment was not filed in accordance with the decree made at the May Term, 1847.

At the Spring Term the Court dismissed the cause, on the motion filed June 24th, 1857.

The plaintiff assigned as error the dismission of the cause by the Court.


*F. H. Merriman*, for plaintiff in error. The Court erred in its order to dismiss the suit, unless plaintiff's petition was amended by next Term.

The record does not show that the plaintiff asked leave to amend his petition at any time previous to this order, or that any necessity existed for an amendment. It does not appear that any new parties were necessary to be made, and none are ordered to be made by the Court. What was required to be embodied in the amendment does not appear in the order, and that an amendment was necessary is not shown in the bill and answers, and the order shows that the demurrer to the original petition, which sets up "that all the parties in interest are not joined" was waived.

The third assignment of errors is abandoned, as nothing appears in the record to sustain it.

The fourth and fifth assignment of errors are now presented together, " The Court erred in sustaining the motion to dismiss the suit after the amendment of plaintiff." " The Court erred in giving judgment for the defendants on the pleadings

as amended, and for other causes apparent on the face of the record."

The amended petition was not filed at the next Term in compliance with the order on pages 61 and 62 of the record, which was rendered on the 3rd day of May, 1847. It was filed on the 15th day of December, 1854. During this time no order has been made dismissing the suit from the docket, and on the 3rd of June, 1848, leave is given to the plaintiff to amend. On the 17th November, 1855, by agreement of counsel, the cause is continued. At the Spring Term, 1857, leave is given to both parties to amend. On the 24th day of June, 1857, the defendants filed a motion to dismiss the cause, predicated upon the order contained in the decree made at the June Term, 1847, claiming that as the amended petition was not filed within the time required by the order, the cause was *ipso facto* dismissed by force of the order. The Court dismissed the suit upon this motion.

Was the cause *ipso facto* dismissed by the failure of plaintiff to amend within the time required by the order of May 3rd, 1847 ?

To dismiss the cause under the order, required subsequent action of the Court, and an entry upon the record proving such action had. This was not done. It is frequently the practice in the District Court, on leave to amend, for the Court to order the amendment to be filed on or before the first day of the next Term, but if the amendment is filed afterwards, at any time before the cause is called for trial, it has always been held to be sufficient. Also where the Statute requires the answer to be filed within a specified time, if after the expiration of the time, and before the cause is called for trial, the answer is filed, the Court holds it to be sufficient. (Ellet v. Britton, 6 Tex. R. 229 ; Moore v. Jams, Id. 227.)

The order that the plaintiff shall amend before next Term of Court, or the cause to be dismissed with costs, does not amount to a dismissal, and the Court at the next Term must

make the entry of dismissal on the strength of the previous order, or upon the application of the defendants, for whose benefit it was made, to enforce the previous order.   To have enforced the dismissal under the order was a power the Court could exercise, when a non-compliance with the order appeared, or the defendants could then have asked a dismissal of the cause.   No action was then asked or taken in relation to the order, but at a subsequent Term to that at which the amend- ment was ordered to be filed, the cause is continued by express agreement signed by the counsel for plaintiff and defendants. Also the Court give the plaintiff leave to amend at a subse- quent Term, and at a subsequent Term thereafter leave is given to both parties to amend.   After the plaintiff's amendment is filed, the defendants file their motion to dissmiss, because the plaintiff had not filed his amendment within the time pre- scribed by the order of May, 1847, upon which motion the cause was dismissed, and erroneously dismissed, as the plaintiff claims.

The continuance of the cause by agreement of counsel and by order of Court, and leave of Court given to parties to amend, would, it is contended by plaintiff, amount to a waiver of that portion of the order which required the plaintiff to file his amendments at the next Term of Court after the order was given, and preclude the defendants from asking a dismis- sal, and the Court from granting it upon their motion.   Upon the point of waiver see Rankert v. Clow, (16 Tex. R. 9 ;) Wynns and Lawrence v. Underwood, (1 Tex. R. 48.)

The bill and amended bill show decided rights and strong equities of the plaintiff.   He has paid a large sum of money for the purchase of land and improvements thereon under a judgment and order of sale.

The defendants admit the justness of the mortgage debt upon which the judgment was rendered, and the pleadings show it has not been satisfied ; and the amended bill shows that defendant Birdsall purchased his interest in the mort-

gaged premises after the judgment and foreclosure.    None of the allegations in the amended petition, are denied or traversed. If there were errors and informalities in the Sheriff's sale of the mortgaged premises to plaintiff he asks the Court in his amended bill to set aside the sale and order a resale for general relief.

. If the judgment of the Court below is affirmed, all of the plaintiff's rights and equities, which are prominent ones, as shown by the bill and amendments, will be cut off by the Statute of Limitations.

For the reasons and causes above set forth the plaintiff asks that the judgment of the Court below be reversed and the cause remanded.

*B. C. Franklin,* for defendants in error.    The sale was made under a void execution—the lien of judgment rendered 26th December, 1842, in favor of League, Andrews & Co., was lost—no execution having been issued after the 15th February, 1843, until 30th April, 1846, the judgment having never been revived.    Birdsall's purchase, after the termination of the lien of the judgment, was a valid purchase, and he would hold the property free from the judgment, and Andrews could acquire no interest in the land adverse to Birdsall, even if the sale on the 1st of September, 1846, had conformed to the requirements of the Statute.    The lien of the judgment was lost by the laches of the plaintiffs ; and Birdsall's purchase from Moore was valid, and vested in him the title which had originally been in Moore.    The lien created by the mortgage had been merged in the lien created by the judgment of foreclosure— the lien created by the mortgage could only be made available through the judgment ; and when the judgment lien was gone, the plaintiff was without the means of enforcing the dormant lien, if I may so speak, except by a revival of the former judgment by suit or *scire facias.*

The Court could not decree a resale now, under the execu-

tion or the judgment; it has long since been paid, or if not paid more than ten years have elapsed since the issuing of the last execution, and the Statute of Limitations would bar a suit on the judgment or a *scire facias* to revive.

So far as any error in the judgment of the Court of the 30th May, 1847, (Rec. p. 61,) is apparent, the error was in favor of the plaintiffs, the injunction should have been dissolved and the suit dismissed without hesitation or delay ; and the granting, until the next Term, leave to file amendments to the petition, was a favor granted to the plaintiffs without being asked, and without merit from anything apparent in the petition to justify ; and if, as contended by counsel for appellant, further action of the Court was necessary, it has been had and rightly had in dismissing the case for non-compliance with the order of the Court, 30th May, 1847.

The Judge presiding in Harris county at the Fall Term, 1847, and up to the Fall Term, 1854, did not prevent the filing of an amendment by the plaintiff, but prevented the defendants from moving to dismiss the case. The entry of continuance by consent waived no right, as the presiding Judge could not try the case or make orders in it. The leave granted to amend at June Term, 1848, was granted as of course without reference to the record, and in connection, with suggestions of the death of one of the parties ; and the party plaintiff never exercised the privilege. The amendment filed by the plaintiff on the 15th December, 1854, was just two days before the change of venue, on account of the Judge having been of counsel, seven and a half years after the order of 30th June, 1847. The case was ordered to be transferred on the 18th December, 1854, and the first entry of it is on the docket of Fort Bend, at the Fall Term, 1856. When it seems to have been submitted to the Court, the plaintiff waiving a jury, it does not appear from the entry at that Term, that the defendant was present or represented. The cause was held under

advisement, and at the Spring Term, 1857, when the defendants moved to dismiss and the Court dismissed a case that had no merits anciently, presently, or prospectively; and to resuscitate the case now would be to set the parties to litigate rights that time hath stolen from both of them.

WHEELER, J. It appears that a jury was waived and the case submitted to the Court at the Fall Term, 1856. But it does not appear upon what evidence, for the reason, doubtless, that the Court did not decide the cause upon the facts in evidence; but, having held it under advisement, dismissed it at the succeeding Term upon a motion then made. There having been no decision upon the merits, it was unnecessary to bring before this Court a statement of facts.

It appears that the ground of the motion to dismiss, and of the action of the Court thereon, was the previous order (at the Spring Term, 1847,) to the effect, that if the plaintiff should not amend his petition by the first day of the Term next succeeding the order, the case should be dismissed. The motion assumed that the failure to comply with the order operated a dismission of the cause. But this manifestly was a mistake. It required a final judgment, from which an appeal would lie, to effect such dismission. No such judgment was rendered. The cause was not dismissed; but the defendants appeared, without insisting on enforcing the order, and took further action in the cause; which was a waiver of the order. There was no necessity for the plaintiff to amend at the time appointed; there was then no competent Court to try the cause; and had there been, the amendment must have been received at any time before the cause was called for trial, provided the delay was not such as to prejudice the rights of the adverse party. The amendment filed subsequently, (in 1854,) long before the cause was called for trial, was a complete answer to the present motion. If further answer were necessary, it is

found in the subsequent action taken, and leave given to amend, which effectually superceded the order of 1847. After such further action by the parties, and especially after the case had been once submitted to the Court for its decision on the merits, it was too late to call up this defunct order of 1847, and ask its enforcement by a motion to dismiss made ten years after its date. The motion presented no sufficient ground for dismissing the case.

But it is insisted for the appellees that the case was rightly dismissed for other causes not embraced in the motion. Those relied on, which require notice, relate to the plaintiff's title, acquired by his purchase at the sale under the decree foreclosing the mortgage. It is insisted that the sale was void and conferred no title, because the lien of the judgment had not been preserved by the issuance of execution. Supposing that to have been necessary, in the case of a decree for the foreclosure of a mortgage, still the execution issued in 1846 was not a nullity, though no writ had previously been issued upon the judgment; and the title of the purchaser is not affected by the omission. This point is settled by previous decisions. (Hancock v. Metz, 15 Tex. R. 205; Sydnor v. Roberts, 13 Id. 598.)

It is further objected, that the plaintiff acquired no title by his purchase, because the law was not observed in the appraisement of the property. Whether there was such a departure from the law in this particular as to invalidate the sale, it is not necessary, in the present attitude of the case, to determine. For if it be admitted yet to entitle the defendants to avoid the sale and retain the property, it was incumbent on them to refund the price paid by the purchaser, which was received in discharge of the judgment. It was so decided in the case of Howard v. North, (5 Tex. R. 290.)

But I apprehend the sale was not absolutely null for the want of a proper appraisement; but was liable to be avoided only by the party who had the right to complain of the irreg-

ularity, because affected by it. The defendants, in their answers, sought to avoid the sale on this ground; and the amended petition, filed December 15th, 1854, in the nature of a replication to the answer, asked that, if for any cause the sale should be adjudged invalid, the plaintiff be reinstated in his original right in the decree of foreclosure, and that he have execution thereof. To this he was clearly entitled on the authority of the case last cited, though the former sale were held to be absolutely void, if indeed he was the beneficial owner of the judgment. If not, he was entitled to be reimbursed the money he had paid. Until the sale was avoided at the instance of the defendants, the plaintiff, as the purchaser, was entitled to recover the possession. He might have brought his action against the tenant in possession. But, it would seem, the tenant was not obliged to defend against the title of the true owner, but might attorn to him. (2 Smith's L. Cases, 458, notes; Walton v. Waterhouse, 1 Wms. Saund. 418; 6 Wend. 666; Camley v. Stanfield, 10 Tex. R. 546.) Having done so, there was no necessity of an action to recover of him the possession. But if an action was necessary, the present suit was well brought to quiet the plaintiff in the possession. And if the defendants were unable to respond to the plaintiff in damages, in any action he might bring against them for the possession and the rents, he had the right to the interposition of the Court to restrain them from recovering the possession, and the rents, from the tenants in possession. But as the Court, in dismissing the case, appears to have proceeded upon a ground which did not involve a decision upon the merits, it is unnecessary further to revise the judgment upon the merits, until they shall have been passed upon definitively by the Court below. We are of opinion that the Court erred in dismissing the case; for which the judgment is reversed and the cause remanded.

Reversed and remanded.