W. T. BLYTHE v. C. DEATON.

1. JURISDICTION OF DISTRICT COURT.—The Constitution does not confer on the District Court appellate or supervisory powers over the County Courts, except in matters of probate and guardianship.
2. JURISDICTION OF DISTRICT AND COUNTY COURTS.—In ordinary civil suits, involving amounts within their respective jurisdictions, the District and County Courts are alike independent each of the other, and their respective judgments can only be reviewed or relieved against in the same court where rendered, or by a resort to the proper appellate tribunal.

3. SAME.—An appeal was taken to the District Court from an order, made by a justice of the peace, dismissing a cause, February 5, 1872; exceptions were taken to the appeal, and, after the present Constitution was adopted, the case was transferred to the County Court, in which judgment was rendered for a sum less than $200: *Held,* That the District Court had no jurisdiction to enjoin a sale under such judgment in the County Court.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

January 3, 1871, W. T. Blythe, with George and Terrell as sureties, executed his promissory note to the county of Hopkins for $100, due twelve months thereafter, for a frame building attached to the old jail-house, sold to Blythe by the sheriff, &c.

October 13, 1871, one R. H. Beale, a justice of the peace, and presiding justice of said county, indorsed said note to C. Deaton.

January 17, 1872, Deaton brought suit on the note before said R. H. Beale, as justice of the peace.

February 5, 1872, defendants moved to dismiss the cause, "for the reason that the court is an interested party," which motion was sustained, and the cause dismissed. The plaintiff gave notice of appeal to the District Court.

February 6, 1872, plaintiff filed an appeal bond, which was approved by Beale, the justice of the peace, and was defective in its description of the judgment appealed from.

February 4, 1873, Blythe and his sureties, in the District Court, moved to dismiss the appeal for want of jurisdiction. The District Court permitted Deaton to file a new appeal bond, sufficient in substance, dated 20th February, 1873, more than twelve months after the date of the order appealed from.

The motion to dismiss the appeal was overruled. July 5, 1876, the case, being undecided, was transferred to the County Court of Hopkins county. In the County Court, Blythe moved to set aside the interlocutory order of the District Court permitting Deaton to file a new appeal bond and

overruling the motion to dismiss; which motion was, by the county judge, overruled.

January 15, 1877, Blythe renewed his motion to dismiss the appeal for want of jurisdiction of the court, for the reasons urged in former motions; which motion was likewise overruled.

January 20, 1877, the case was tried in the County Court, and Beale objected to the note when offered in evidence by plaintiff, for the reason that Beale had no authority to indorse it; defendant offering the minutes of the County Court to show that no authority had ever been given for Beale to assign the note to Deaton. The court rendered judgment for the principal and interest due, $140.40, and costs of suit.

Motion for new trial was urged, but overruled. The county judge, F. M. Rogers, remaining in office, the defendants, Blythe and his sureties, filed their petition March 26, 1877, in the District Court, invoking its jurisdiction to annul said proceedings, and to enjoin further proceedings under said judgment, and under an execution which had been issued upon the same. The petition alleged the foregoing facts, and that defendants had been always ready and willing to pay said note to Hopkins county, the owner; that said proceedings were oppressive, null, and void; and that they had asserted their rights at every step of said proceedings, but without effect, &c.

The judge allowed a temporary injunction. The court sustained a general demurrer, dissolved the injunction, and dismissed the bill, from which Blythe and his sureties appealed, assigning error in the action of the court sustaining the demurrer and dismissing the petition.

*L. D. King* and *J. A. B. Putman*, for appellants.—Under our former Constitution and laws, the power of the District Court to entertain the petition for injunction is evident, and needs no discussion.

Has the adoption of the present Constitution taken away the power of the District Court in such cases ?

In this cause, the county judge, with the law before him, and over all objections of appellant, proceeds to hear and determine a cause in which his court has no jurisdiction. The judgment is obtained by the wrongful act of the county judge, and he refuses appellant any redress.   No appeal lies. If such a judgment cannot be enjoined, then, at the will and pleasure of a county judge, a nullity can be clothed with all the force and attributes of legality, and there is no power in the State of Texas to afford relief.

Can we come to the conclusion, that, under our laws, wrongs may be perpetrated for which there is no remedy ? "All courts shall be open, and every person, for an injury done him in his lands, goods, person, and reputation, shall have remedy by due course of law."   (Bill of Rights, sec. 13.)

That the powers of the District Court have been restricted by the present Constitution, we do not deny; but we think to a less extent than appears at first view.

The District Court retains all the powers which it formerly possessed, except where they have been expressly abridged or limited by the Constitution.   (Const., art. 16, sec. 48.)

The District Court remains a court of general jurisdiction, with general equity powers; and the power to issue *mandamus*, injunction, and *certiorari*, in section 8 of article 5 of the Constitution, is not limited by the latter part of the section, referring to "writs necessary to enforce their jurisdiction."

It being a court of general jurisdiction, it would have jurisdiction of all causes, at law or equity, in which exclusive jurisdiction is not given to some other court.   And if upon this point the construction to be given to the Constitution is doubtful, the court would adopt that construction which affords the amplest remedy to parties.

Even under our present Constitution, where the county judge is an interested party, the District Court has original

jurisdiction. In this case, the injury complained of results from the wrongful act of the county judge; and that it was an error of judgment, and not of intention, does not change the result.

*C. Payne*, for appellee.

GOULD, ASSOCIATE JUSTICE.—The petition in this case asks the equitable interposition of the District Court to prevent the enforcement of a judgment of the County Court. It appears, from the averments of the petition, that the grounds on which that interposition is now sought were all set up and passed upon in the suit in the County Court, and that the petition in fact seeks to have the judgment of the County Court revised and corrected by the District Court.

The Constitution does not confer on the District Court appellate or supervising powers over the County Court, except in matters of probate and guardianship. (Art. 5, sec. 8.)

In ordinary civil suits, involving amounts within their respective jurisdictions, these tribunals are alike independent each of the other, and their respective judgments can only be reviewed or relieved against in the same court where rendered, or by a resort to the proper appellate tribunal. When a party states a case entitling him to the equitable interposition of a court against its own judgment, the erroneous refusal of relief is to be corrected only in the court having appellate jurisdiction.

The District Court had no jurisdiction of the case, and did not err in sustaining exceptions to the petition. The judgment is affirmed.

AFFIRMED.