## TEXAS LAND COMPANY v. T. J. TURMAN.

### *(Case No. 946.)*

1. INTERVENTION — FORCIBLE ENTRY AND DETAINER.— The policy of the law being to confine the inquiry, in proceedings in forcible entry and detainer, to the question of the right of possession only, a third party, who, in such a proceeding before a magistrate claims possession by virtue of his superior title, cannot intervene, since the magistrate cannot try the question of title.

2. FORCIBLE ENTRY AND DETAINER.— In such a proceeding, a tenant holding over may, however, defend his possession by showing that after lease he purchased the landlord's title at execution sale, and he may lawfully attorn to a third party, who, after the date of his lease, had thus purchased.

3. SAME.— A third party thus purchasing title may, by injunction, stay proceedings by the original landlord, who is insolvent, against the tenant, until the question of title can be determined.

4. JUDGMENT — STATUTE CONSTRUED.— The statute of forcible entry and detainer, which make the decision of the county court on appeal or *certiorari* final, was intended as the rule between the original parties only.

5. PRACTICE — INJUNCTION.— When, on motion, an injunction which issued to stay proceedings before a magistrate in forcible entry and detainer, issued on a petition which contained the allegations of a petition in trespass to try title, is dissolved, it is error to dismiss the petition, but the same should be continued over for a hearing on the merits.

APPEAL from Wood. Tried below before the Hon. John C. Robertson.

Suit by the Texas Land Company against T. J. Turman to quiet title, and for possession of a house and lot described in plaintiff's petition, and to enjoin and restrain T. J. Turman and Dallas Lankford, a justice of the peace, from issuing or having issued any writ of restitution for the premises under a judgment before him, rendered on the 18th day of February, 1879, in favor of Turman and against Catharine Wilson. Plaintiff alleged that on the 19th day of November, 1875, Isaac H. Stauffer, Chas. McCready and Benj. F. Espleman, surviving partners of Stauffer, Kent & Co., recovered a judgment in the circuit court of the United States for the western

district of Texas, against T. J. Turman, for the sum of
$1,155.96 and costs; that execution issued upon that judgment,
and the property in controversy was sold thereunder; that T.
G. Good and W. H. Marcum became the purchasers January
1, 1878; that on the 9th day of January, 1879, plaintiff pur-
chased an undivided half of the property from W. H. Mar-
cum; that at the time plaintiff purchased the property, one
Catharine Wilson was in possession of the same as a tenant
of T. J. Turman; that she then and there acknowledged ten-
ancy under plaintiff and paid rents to him for the property;
that on the 29th day of January, 1879, T. J. Turman brought
suit of forcible detainer against C. Wilson for the property,
and on the 19th day of February, 1879, recovered judgment.
Plaintiff alleged that T. J. Turman was wholly insolvent and
asked for injunction.

Defendant denied the allegations in the petition by sworn
answer, pleaded a discharge in bankruptcy, and made a motion
to dissolve the injunction and dismiss the petition. The court
sustained the motion and dismissed the petition, from which
plaintiff appealed.

*Hart & Buchanan* for appellant.

I. The court should have held the plaintiff's petition over
for final hearing on the merits. The petition discloses a good
cause of action and sets forth facts sufficient to authorize the
issuance of the writ of injunction. See Andrews *v.* Richard-
son, 21 Tex., 288–297.

II. A tenant may attorn to, and accept as his landlord, a
purchaser under judgment and execution against his original
landlord. See same authority, p. 297, and Camby *v.* Stanfield,
10 Tex., 546.

III. A purchaser under judgment and execution sale may
sue and enjoin the judgment debtor from recovering posses-
sion of the premises from the tenant, where the tenant attorns
to the purchaser and the purchaser alleges insolvency of the
judgment debtor.

*W. S. Herndon* for appellee.

I. The court did not err in dissolving the injunction, because the district court had no jurisdiction of the subject matter in controversy in the suit; the matters complained of were only cognizable by appeal or *certiorari* in the county court and not in the district court.  R. S., arts. 2443, 2455, 2458–9, 2460–62.  See Acts of the Legislature, 1876, ch. 103, p. 163, sec. 21.

II. Injunction would not lie to restrain the justice of the peace from issuing the writ of restitution in favor of appellee against Catharine Wilson under said judgment, from which judgment no appeal or *certiorari* had been taken, because said justice had exclusive jurisdiction of the matter in controversy. (Authorities same as above.)

III. The answer of appellee under oath to every material allegation in appellant's petition, and to every equity set up in the petition, and upon which, in part, the motion to dismiss the petition was made, reached the whole case as presented by appellant; and upon dissolution of the injunction, there was no cause of action remaining to the appellant's pleadings.

IV. The plea of appellee setting up his final discharge in bankruptcy, dated May 24, 1880, relating back to the 7th of July, 1876, prior to the date of the issuance of the execution under which said premises were sold, January 1, 1878, and discharging the judgment under which the said execution was issued, it being a provable debt and actually proven against appellee in bankruptcy, was a complete bar to the recovery of appellant if his cause of action had really been a trespass to try title instead of a suit for possession and injunction. Bump., 9th ed., p. 684, sec. 5105, and cases cited; p. 686, sec. 5106; p. 734, sec. 5119.

BONNER, ASSOCIATE JUSTICE. — We are met on the threshold of this case with a preliminary question, which though under the conclusion to which we have arrived may not be absolutely necessary to the final disposition of the case, yet is so

intimately connected with it, that, if passed over in silence, might indirectly misrepresent the views of some of the members of the court. This question is, the right of the Texas Land Company to an injunction to restrain the proceedings of the justice of the peace in the forcible detainer suit.

It has been the evident and wise policy of our general legislation, in proceedings in forcible entry and detainer, to confine the question to the right of possession only, and to have this determined as speedily as possible. Hence it would follow, that a third person who claims to have the right of possession by virtue of superiority of title, cannot intervene in such suits, as the justice of the peace cannot try the question of superiority of title, if indeed such court from its limited powers could permit an intervention by a third party in any event. Warren *v.* Kelly, 17 Tex., 552.

The practical effect, however, of Camby *v.* Stanfield is to permit a tenant holding over to defend his possession by showing that subsequent to the lease he purchased his landlord's title under execution sale, and thus indirectly, in such case, to raise the question of title. 10 Tex., 546.

Subsequent decisions of this court have recognized this doctrine, and it has further been held, that the tenant in possession may lawfully attorn to a third party who had purchased at execution sale the title of the landlord. Andrews *v.* Richardson, 21 Tex., 297; Gallagher *v.* Bennett, 38 Tex., 295.

Under the authority of the principles announced in these decisions, if the Texas Land Company purchased the title of Turman to the rented premises under execution against him pending the lease to Wilson, it is not perceived why the company, particularly if they could not intervene in the suit of forcible detainer, should not, by injunction in the district court, stay the proceedings before the justice of the peace until the question of title could be determined; it having been alleged that Turman was insolvent and could not respond in damages.

If this were not permitted, Turman would, under color of law, take possession of the land from Wilson, who had already attorned to the Texas Land Company, and thereby change his attitude in suit of trespass to try title, from that of plaintiff, upon whom would be the burden of proof, to the negative position of defendant.

It is believed that the provisions of the statute of forcible entry and detainer, making the decision of the county court on appeal or *certiorari* from the judgment of the justice of the peace, final and conclusive (Laws 15th Leg., 163; R. S., art. 2461), was intended as the rule between the immediate parties only. The case of Chadoin *v.* Magee, 20 Tex., 476, in which the injunction was dissolved, was between such parties.

Upon the authority of the cases first above cited, it is the opinion of a majority of the court that the injunction properly issued under the facts and circumstances of the present case. This is also in accord with the general policy of our practice, to avoid a multiplicity of suits.

We are all agreed, however, that, upon the sworn answer of the defendant Turman, the injunction was properly dissolved.

The only remaining question is this: Did the court err in dismissing the case upon the dissolution of the injunction, and in not retaining it for final hearing upon the merits.

Upon this question also we all agree.

The petition, independently of the relief sought by the injunction, contained substantially the allegations of one in trespass to try title. Dangerfield *v.* Paschal, 20 Tex., 552; Bridges *v.* Cundiff, 45 Tex., 440; Grimes *v.* Hobson, 46 Tex., 416; Titus *v.* Johnson, 50 Tex., 224.

In such case, if an injunction has been obtained, and is on motion dissolved, it is error thereupon to dismiss the petition, but it should be continued over for hearing on the merits; and in this particular differs from the dissolution of an injunction restraining the collection of money, in which case, unless the petition is asked to be thus continued over, it will be dis-

missed.   Burnley v. Cook, 13 Tex., 591;  Dearborn v. Phillips, 21 Tex., 451;  Floyd v. Turner, 23 Tex., 294.

For the error in dismissing the petition, the judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 4, 1880.]

SEPARATE OPINION OF JUSTICE GOULD.

I concur in the judgment, but not in the views, expressed in the opinion on the subject of the right of appellant to an injunction.

The summary proceeding of forcible entry and detainer is designed to afford a speedy remedy for the recovery of possession, not to every person legally entitled to possession, but to those only who have been deprived thereof, in one of the ways specified in the statute.   Cooper v. Marchbanks, 22 Tex., 1.

Formerly the action of the justice's court in such cases was subject to revision, on *certiorari*, in the district court; but now the statute allows an appeal to the county court, and expressly provides that the judgment of that tribunal shall be "conclusive of the litigation."   Rev. Code, art. 2461; Acts of 15th Leg., p. 163, sec. 21.

The district court is now without jurisdiction to try such actions, or to in any way revise the proceedings of those courts exclusively entrusted with the administration of this summary remedy.   Blythe v. Deaton, 48 Tex., 198;  Hardeman v. Morgan, id., 103.

Evidently, under the law in force when Andrews v. Richardson (21 Tex., 287) was decided, the district court might have properly interfered by injunction, and yet now, under the same state of facts, might properly decline to interfere.

If the title of the landlord, after he leases to a tenant, passes to a third party by transfer or by operation of law, and the tenant voluntarily attorns to that party, then, in case of action of forcible entry and detainer by the original landlord against

the tenant, the latter may defend under the rights of his new landlord, who has acquired all the possessory rights of the original landlord. Tilghman & West *v.* Little, 13 Ill., 241; Hillman *v.* Fogg *et al.*, 99 Mass., 11; Andrews *v.* Richardson, 21 Tex., 287; Camby *v.* Stanfield, 10 Tex., 546.

For the purpose of determining the right to possession and to the summary remedy, the justice's court is competent to examine the facts by reason of which the tenant claims that he, or his new landlord, had become substituted to the possessory rights of his original landlord. 10 Tex., *supra.* But if the tenant fail in establishing his defense, whether his failure be caused by the refusal of the justice's court to hear and examine it, or by the fact that the court, after hearing, decides against him, neither he nor any other party to the suit can remove the litigation to the district court. See Smith *v.* Ryan, 20 Tex., 661; Chadoin *v.* Magee, 20 Tex., 476.

Surely the landlord has no better right than the tenant to take the case to the district court by injunction. Through the tenant (22 Tex., 661, *supra*), and possibly if the tenant do not act in concert with him, then by intervention, he may assert whatever rights he has under the statute. If he have no rights which can be asserted in the summary proceeding, then, like others who may be true owners and entitled to the possession, but who are not of the class specified by the statute, he is simply remitted to the ordinary remedy by action of trespass to try title.

If the district court may on such grounds enjoin the judgment of the justice's or county court, the object of the law is liable to be defeated. The cases cited in the opinion illustrate how valueless this summary remedy becomes when transferred to the district court, and united, as attempted in this case, with an action of trespass to try title. Chadoin *v.* Magee, 20 Tex., 476; Andrews *v.* Richardson, 21 Tex., 287. The practical result will be, that in many instances the action will travel through four courts, the justice's, county, district and supreme.

Believing the question to be one of importance, I have thought proper to express my views in this way.