### JOHNSON & BRIEN v. H. L. DOSS.

(No. 1966, Op. Book No. 2, p. 335.)

APPEAL from Young County. Opinion by QUINAN, J.

1075. *Evidence; proof of title in suit for rent.* Appellants sued appellee for the rent of land which he had leased from one Gooden, which land appellants had purchased at execution sale against Gooden, subsequent to the lease. On the trial, appellants offered in evidence to prove their right to the rents, the judgment against Gooden, execution thereon and sale thereunder, and the sheriff's deed to them. This evidence was rejected by the court, on the ground that it raised the question of title to the land. *Held,* the court erred in rejecting this evidence. This action was not a suit for the recovery of land or the possession of it, or to try title to it. The only matter in controversy was whether Doss was indebted to Johnson & Brien for the rent of it, and to establish that fact the testimony was material and competent. If Doss had not rented the premises from appellants; if he held the same under a lease from Gooden, and had not attorned to them, it was necessary for them to prove that they had succeeded to Gooden's right, and this they might well do by the evidence offered by them and rejected by the court.

607

§ 1076. *Rent; to whom payable, where premises are sold during term of lease.* The sale of the land under execution carried with it all the rent becoming due subsequent to the transfer. [16 Miss. 41; 5 Paige's Ch. 633; 3 Kent, 469, 470; 8 Paige, 392; 3 Watts, 394; 4 N. Y. 270; Camley v. Stanfield, 10 Tex. 548; Andrews v. Richardson, 21 Tex. 287; Shultz v. Spreain, *ante*, sec. 917.] It vested in the purchasers all the rights and interest in the land which Gooden then had, of whatever character they might be.

§ 1077. *Depositions; affidavit.* The act of 1879 [Acts 16th Leg. p. 126] modified article 2234, R. S., so as to dispense with necessity of an affidavit to render admissible the deposition of a witness. [NOTE.— The editors call attention to the fact that article 2234, R. S., above referred to, has been repealed by act 17th Leg., Pamp. Laws, p. 18.]

May 25, 1881.          Reversed and remanded.