### SINGLETARY v. LATIMER et al.
### No. 2459.

Court of Civil Appeals of Texas. Beaumont.
Nov. 9, 1933.

D. E. O'Fiel, of Beaumont, for appellant.

Fred A. White, of Port Arthur, for appellees.

WALKER, Chief Justice.

The judgment appealed from in this case was upon an instructed verdict for $290 in favor of appellees, S. O. Latimer and A. J. LeBlanc, plaintiffs below, against H. S. Singletary, defendant below, for rent for the use and occupancy of "House No. 236, Dallas Avenue, Port Arthur, Texas." Appellees' cause of action was based on allegations of an express contract to the effect that appellant was to pay rent at $35 per month for part of the rent period and $30 a month for the balance of the rent period. Under the allegations of the petition appellant was due appellees $290, the amount awarded by the instructed verdict.

■ There is no merit in appellant's contention that appellees failed to prove their contract as alleged. The proof was that appellant and his family took possession of the property in controversy as tenants of appellees on the 20th day of December, 1927, and paid rent thereon at the rate of $45 per month up to July 5, 1931. On that date the rent was reduced to $35 per month, and in December, 1931, further reduced to $30 per month. Appellant vacated the premises on March 28, 1932. The rent contract by which appellant held the property was made by his wife, who died before the case was tried. There was no testimony contradicting, in any way, the statement just made, as to the facts of the rent contract and the amount due. On this issue the evidence fully supports the instructed verdict in favor of appellees for the $290.

■■ We also overrule appellant's contention that appellees failed to prove ownership of the leased premises. Without objection from appellant, appellees' agent, who rented the premises to appellant's wife, swore that the property belonged to them. Under the contract made by this agent for the use and benefit of appellees, appellant moved his fam-

ily into the leased premises and occupied the same, as stated above, from the 20th of December, 1927, until he moved out on the 28th of March, 1932. As against appellant's plea of general denial, which was the only issue made by his answer, appellees' proof of title was sufficient to support the instructed verdict, for it is a general principle of law that a tenant is estopped from disputing his landlord's title. Camley v. Stanfield, 10 Tex. 546, 60 Am. Dec. 219; Andrews v. Richardson, 21 Tex. 287; Texas Land Co. v. Turman, 53 Tex. 619; Tyler v. Davis, 61 Tex. 674; Cobb v. Robertson, 99 Tex. 138, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609; Gordon v. Gordon (Tex. Civ. App.) 224 S. W. 716; Lovelady v. Harding (Tex. Civ. App.) 207 S. W. 933.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.