CORTENAY A. WHITAKER v. GEO. L. GEE.

(Case No. 1807.)

1. FINAL JUDGMENT — PARTIES.— When suit is instituted against two or more, in which judgment is rendered in favor of all the defendants except one, who is not referred to in the judgment, the judgment is not a final judgment from which an appeal may be taken, no order having been entered dismissing the cause as to the defendant not mentioned in the judgment.

2. PRACTICE — BILL OF EXCEPTIONS.— To entitle one to a revision of the ruling of the court below in regard to the admission or rejection of evidence, the matter must be so presented by bill of exceptions, filed in proper time, as to enable the court to fully understand and know all the facts on which the correctness or error of the ruling depends. Hence, when the decision of a question attempted to be raised by exception depended on knowing the contents of a deposition, and the transcript contained an agreement signed by counsel as to what papers should be copied therein, and among those copied was the deposition, but there was no agreement, signed by counsel and approved by the trial court, that such deposition was used or offered on the trial, the bill of exceptions cannot be considered.

3. AGREED CASE — TRANSCRIPT.— In an agreed case, under art. 1414, the documentary or other evidence condensed must be agreed upon as evidence actually introduced or rejected on the trial, and the rulings of the court when questioned must be shown, all of which must be approved by the judge and filed among the papers of the cause.

ERROR from Waller. Tried below before the Hon. Wm. H. Burkhart.

*E. Blanc*, for plaintiff in error.

No briefs for defendant in error on file.

STAYTON, ASSOCIATE JUSTICE.— It appears from the record that Alfred Whitaker was a party defendant duly served, but it does not appear in any way that as to him the cause was dismissed.

The judgment, however, makes no disposition of the case as to him, but was rendered in favor of his co-defendants against the plaintiff. This is not such a final judgment as this court can revise, and for this reason the writ of error will have to be dismissed.

We deem it, however, proper to say that, were the judgment a final judgment, we could not revise the rulings of the court below in rejecting evidence or passing on its sufficiency on the transcript as now presented.

It is claimed that the court erred in excluding the evidence of A. Whitaker, which, it is claimed, was introduced to prove the genuineness of the signature of John E. Whitaker to a deed to the plaintiff, by and through which she claimed an interest in the land sued for.

There was no bill of exceptions taken to the ruling of the court on any such matter, so far as is made to appear in the transcript.

There is what purports to be a statement of facts made out by the judge who tried the cause, purporting to be signed by him on the 26th of April, 1881, and filed on the 27th of the same month. The term at which the cause was tried ended on the 19th of April, 1881, and there is no order found in the transcript allowing the statement of facts to be made up after the adjournment of the court. Such being the case, this paper cannot be considered for any purpose.

That paper is, however, more in the nature of a bill of exceptions than a statement of facts, and refers to the action of the court in excluding the deed under which the plaintiff claimed title, and shows that the deed was excluded because, in the opinion of the court, its execution had not been proved.

This paper contains no statement of what proof was made of the execution of the deed, and, if it had been filed in proper time, it would be insufficient, either as a bill of exceptions or statement of facts, to enable us to revise the action of the court below.

To entitle a party to the revision of the ruling of a court below in regard to the admission or rejection of evidence, the matter must be so presented by bill of exceptions filed in proper time as to enable this court to fully understand and know all facts on which the correctness or incorrectness of the ruling depends.

The transcript contains an agreement of counsel, approved by the judge who tried the cause, as to what papers should be copied into the transcript, and among the papers so copied we find several depositions, one of which is the deposition of A. Whitaker, which relates to the genuineness of the signature of John E. Whitaker to a deed to the plaintiff, but there is no agreement signed by the parties or their counsel and approved by the court to the effect that any part of the evidence thus found in the transcript was used or offered on the trial.

In the absence of some such agreed case as is contemplated by art. 1414, R. S., or of statement of facts, or bill of exceptions in cases other than agreed cases, no revision of the action of the court below can be made by this court.

The agreement found in the transcript was evidently made under art. 1413, R. S., which is intended to give to parties a method by which they may exclude from the transcript everything not really essential to the proper disposition of the cause; it, however, does not provide a method in which matters material shall be presented.

Art. 1414, R. S., provides for an agreed case, in which the original proceeding need not be carried at length into the transcript. It provides that: "The parties may, without the necessity of setting out all the proceedings at length, agree upon such a brief statement of the case and of the facts proven, with or without copies of any part of the proceedings, as shall, in their opinion, enable the appellate court to determine whether there has been any error in the judgment; and if the judge shall approve and sign such statement, the same shall be filed among the papers of the cause and shall constitute a part of the record, and on appeal or writ of error shall be copied into the transcript in lieu of such proceedings themselves."

As the agreement was made, it only provides that certain papers shall be copied into the transcript, but there is no agreement whatever as to the proceedings actually had, the evidence introduced or rejected, nor as to the ruling of the court on any matter, otherwise than as the same may appear in the judgments.

Under such state of facts, we could not revise the action of the court complained of, if there was a final judgment in the cause.

As presented, because it does not appear that a final judgment has been rendered, the writ of error is dismissed.

DISMISSED.

[Opinion delivered February 27, 1884.]