### FOSTER v. LITTLE MOTOR KAR CO. et al.
(No. 9887.)

(Court of Civil Appeals of Texas. Dallas. Nov. 27, 1926. Rehearing Denied Jan. 15, 1927.)

**I. Appeal and error ☞78(I)—Orders setting interventions for trial after termination of receivership held not "final judgments."**

Orders setting down for hearing interventions not disposed of on termination of receivership held not "final judgments" from which an appeal would lie.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**2. Receivers ☞150—Orders setting receivership interventions for trial held superseded by allowing amendment of motion to set them aside.**

Order setting for trial interventions, not disposed of on termination of receivership, were effectually superseded by allowing the purchaser of interveners' claims to amend his motion to set aside the last order or render judgment for the amount of the claims.

**3. Appeal and error ☞76(I)—To constitute final appealable judgment, court must finally adjudicate parties' rights at time and as part of order; "final judgment."**

To constitute a final judgment, from which an appeal will lie, the court must finally determine and adjudicate the parties' rights at the time and as a part of the order; there being no such thing as an automatic judgment.

**4. Receivers ☞150—Motion to set aside orders setting receivership interventions for trial or render judgment for amount of claims held erroneously dismissed.**

Where no jury was in attendance and the case was not called, nor any order entered therein on the day set for hearing of interventions undisposed of on termination of receivership, and no opposition was pending to a motion by the purchaser of interveners' claims to set aside orders setting them for hearing or render judgment for the amount thereof, court erred in dismissing motion; movant not being a stranger first appearing on the date of filing the motion, but the successor to interveners' rights.

On Motion for Rehearing.

**5. Appeal and error ☞544(I)—Statement and finding of facts and bill of exceptions are not required on appeal from dismissal of motion to set aside orders setting receivership interventions for trial.**

Neither a statement or finding of facts nor a bill of exceptions is required on appeal from an order, dismissing a motion to set aside orders setting for trial interventions undisposed of on termination of receivership, or to render judgment for amount of claims purchased by movant; the case not having been tried on its merits.

**6. Appeal and error ☞927(2)—Allegations of movant's plea of intervention must be accepted as true, on appeal from order dismissing motion to set aside orders setting receivership interventions for trial.**

On appeal from an order dismissing a motion to set aside orders setting for trial interventions undisposed of on termination of receivership, or render judgment for amount of claims purchased by movant, allegations of latter's plea of intervention constitute the statement of facts and must be accepted as true for purposes of the appeal.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Motion by G. B. Foster to set aside an order setting for trial interventions undisposed of on the termination of the receivership of the Little Motor Kar Company, or for judgment against the company and its trustees for the amount of movant's claims. From an order denying the motion and dismissing movant's intervention and claims, he appeals. Reversed and remanded, with instructions.

Stennis & Stennis, of Dallas, for appellant.

J. L. Zumwalt and Thomas, Frank, Milam & Touchstone, all of Dallas, for appellees.

LOONEY, J. The material questions presented on this appeal will appear from the following statement:

On April 8, 1920, the affairs of the Little Motor Kar Company, a trust estate, referred to herein as "the company," were placed in the hands of a receiver by the court below. On the 7th day of April, 1922, the court terminated the receivership and entered an order requiring the receiver to deliver to the trustees all property of the company then in his custody.

During the time the receivership was pending, numerous creditors of the company intervened and their claims were approved by the master, but, at the time of the discharge of the receiver, judgments had not been rendered thereon, as they were resisted by the company.

The order of court terminating the receivership contained a list of these claims, including those of nine creditors who later

made assignments to appellant, also the claims of Hooven Radiator Company and that of Thomas, Frank, Milam & Touchstone, appellees herein.

Referring to these interventions, the order of the court contained the following:

"And it appearing to the court that said claims, causes of action, and fees have not been reduced to judgment, but are being contested, the said trustees shall take the property and assets of the Little Motor Kar Company and receipt to the receiver therefor, and they shall hold the itemized list of property subject to all claims, demands, and liabilities now existing or which may hereafter be established by the judgment of this court against the said Little Motor Kar Company, and same shall be secured by a lien hereafter provided for, and that upon delivering to said trustees, as aforesaid, by said receiver, the receiver's right, title and possession shall cease and terminate, etc.
* * *

"It is further ordered, adjudged, and decreed by the court that a lien be and the same is hereby created, established, and fixed upon the property of the Little Motor Kar Company of Dallas county, Tex., hereinafter described, to satisfy any and all judgments hereinafter recovered by the owners and holders of said contested claims, causes of action, and fees heretofore mentioned, or which may be established by suit hereafter, and said trustees have and do in open court agree to the lien so created and fixed. [The order then proceeds with a full and detailed description of properties belonging to the company.]"

The court, by an order duly entered, set the trial of these interventions for May 18, 1925, and later, a resetting was made for September 21, 1925. In each of these orders, it was provided that any intervention not presented for hearing at the time designated, unless cause be shown for a continuance, be dismissed, without prejudice to being prosecuted in a separate suit; but, in such event, the lien theretofore decreed in the judgment entered of date April 7, 1922, should be extinguished.

These interventions not being disposed of under prior settings, the court, on December 21, 1925, reset the hearing for December 28, 1925. This order concluded as follows:

"It is further ordered that all such petitions of intervention and other undisposed of matters not so heard and disposed of by this court on or prior to said date [December 28, 1925] shall, unless otherwise ordered by this court by an order duly entered upon the minutes thereof, be severed from the above-styled cause and stand for trial as if separate suits, and all orders and judgments theretofore entered herein shall be and become the final judgment herein. It is further ordered that the lien heretofore decreed in said judgment of April 7, 1922, as to the interventions that are severed from this cause, shall be extinguished, and that the court shall retain jurisdiction to render further orders and decrees for the enforcement of the previous judgments and adjudicated allowances of the court and the liens securing same, and for adjudication of priorities among the judgments and adjudicated allowances of the court herein."

During the year 1923 appellant purchased the claims of nine of these intervening creditors, aggregating the sum of $13,481.70, with the understanding that the company would withdraw its pending opposition and permit the report of the master in chancery approving same to become the judgment of the court. It was also agreed that when appellant should receive on these claims dividends equaling the sum of $3,750, with interest at 10 per cent. per annum from June 2, 1924, he would release the company and its property from the claims and the liens decreed by the order of April 7, 1922, hereinbefore set out.

The record fails to disclose that the claims owned by appellant were resisted by any interested party other than the company, and its resistance was withdrawn by its pleading filed herein on April 22, 1926.

On December 28, 1925, no action was taken by the court or the judge with reference to these interventions, and no action was subsequently taken until the entry of the order appealed from, except an order entered April 22, 1926, granting appellant leave to amend.

Neither appellant nor either of his assignors had actual notice of the orders of the court entered May 18, 1925, September 2, 1925, or December 21, 1925, until April 5, 1926, when appellant learned of the existence of said orders, and, further, that the company had not withdrawn its opposition to the interventions, as agreed. He immediately employed an attorney to look after his interests and within a reasonable time, on, to wit, April 12, 1926, filed his original motion, which by leave of the court was amended, or, rather, supplemented by the pleading filed April 22, 1926.

In these pleadings appellant alleged the facts constituting the basis of this claim, as revealed in this statement, and sought to have the order of December 22, 1925, set aside, or, in the alternative, for judgment against the company and its trustees for the amount of the claims purchased by him, with interest, and for general relief.

There was filed in the cause on April 22, 1926, by the company and its trustees, a pleading in opposition to a motion filed by Thomas, Frank, Milam & Touchstone, seeking a sale of the properties of the company to satisfy their claim. The ground of the company's opposition to the alleged motion was that no final judgment had been rendered on their claim, but that the same was being resisted by the company and stood for trial just as it was left by the order of April 7, 1922.

This pleading of the company also contained an admission of the facts alleged by appellant in regard to the agreement made by

it to withdraw opposition to the claims purchased by him, as hereinbefore set out.

The pleadings were in this state when, on May 22, 1926, the court, of its own motion, entered the following order:

"Be it remembered that on this 22d day of May, 1926, upon the suggestion of the defendants herein and the interveners, Hooven Radiator Company and Thomas, Frank, Milam & Touchstone, to the effect that some questions had been raised in regard to the finality of the order of this court entered herein on the 21st day of December, 1925, it is ordered and decreed that all interventions herein, motions, cross-actions, and relief sought, of whatsoever character or nature, not heretofore disposed of by this court, nor pending on appeal, be and the same are hereby dismissed for want of prosecution, and all orders, judgments, and decrees heretofore made in this cause, in so far as same have not been made final by this court, are here and now made the final orders and judgments of this court herein."

On the same day, and after considering the verified pleadings of appellant, the court entered the final order, from which this appeal is prosecuted, concluding as follows:

"It is therefore ordered and decreed by the court that the said motion of the said G. B. Foster be and the same is hereby denied, and his intervention and claims are hereby dismissed, to all of which, the said G. B. Foster in open court excepted and gave notice of appeal, etc."

For present purposes, we will consider only these questions:

Did the order of the court of December 21, 1925, have the effect of a final judgment, and, if not, was the order of the court dismissing appellant's case an abuse of discretion?

[1, 2] 1. We do not deem it necessary to determine whether or not appellant, and those under whom he claims, were visited with constructive notice of the entry of the three orders of court setting the interventions down for hearing, for the reason that we hold that neither of the orders of date May 18, September 2, nor of December 21, 1925, was a final judgment, and that the only purpose served thereby was to set a date for trial, besides, by allowing appellant to amend his pleading, the former orders setting the interventions for trial were effactually superseded. Andrews v. Richardson, 21 Tex. 296.

[3] To constitute a final judgment from which an appeal will lie, the court must, at the time of the order and as a part thereof, finally determine and adjudicate the rights of the parties. There is no such thing in our procedure as an automatic judgment. Andrews v. Richardson, 21 Tex. 287; Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Kuehn v. Kuehn (Tex. Civ. App.) 232 S. W. 918.

In the case of Andrews v. Richardson, supra, the Supreme Court had before it an inconclusive order of the nature of those now under consideration. The court said:

"It appears that the ground of the motion to dismiss, and of the action of the court thereon, was the previous order (at the spring term, 1847) to the effect, that if the plaintiff should not amend his petition by the first day of the term next succeeding the order, the case should be dismissed. The motion assumed that the failure to comply with the order operated a dismissal of the cause. But this manifestly was a mistake. It required a final judgment, from which an appeal would lie, to effect such dismissal. No such judgment was rendered."

[4] 2. Having determined that neither of these orders constituted a final judgment and that the interventions were not thereby automatically dismissed, we are brought to the second question; that is, as to the legality of the order of the court dismissing appellant's cause.

We are of the opinion that the court erred.

The case was on the jury docket, but on the day set for hearing, to wit, December 28, 1925, no jury was in attendance, the case was not called, no order was entered therein, and no action was thereafter taken by the court until after appellant filed his pleading of April 12, 1926.

Appellant should not be treated as a stranger appearing for the first time on April 12, 1926, but rather, as the successor to the rights of interveners, whose claims he purchased. His pleading was but a consolidation of these nine pending interventions and the substitution of himself as the sole intervener.

At the time appellant's case was dismissed, there was no pending opposition thereto, so far as the record reveals, hence the court could have readily tried and disposed of the same. It does not appear that a hearing thereon would have delayed the final disposition of the entire case, in that the intervention of Thomas, Frank, Milam & Touchstone was pending, and that of the Hooven Radiator Company was being litigated and is now pending on appeal in this court.

We are of the opinion, therefore, that the court erred in dismissing appellant's cause, and for this reason the judgment below will be reversed and the cause remanded for trial, subject to all legal defenses that may be interposed by any interested party.

The injunction heretofore on July 5, 1926, issued by this court on application of appellant, in which the appellees, their agents, and attorneys were restrained from proceeding with the sale of the properties of the Little Motor Kar Company, advertised to take place on July 6, 1926, will be continued in force until the final termination of this cause, provided, however, the court below is authorized, if it should be made to appear that an immediate sale of the properties of the company is necessary to conserve their

value, to order such sale as under execution or through the instrumentality of a receiver appointed for that purpose; but, in either event, the property shall be sold freed from all liens, and the proceeds of sale shall be paid into the registry of the court to await the final disposition of said funds as may be ordered by the court.

Reversed and remanded, with instructions.

### On Motion for Rehearing.

[5] It is evident that appellees have misconceived the nature of the judgment appealed from. In their motion for rehearing they have a number of assignments challenging the correctness of the "findings and conclusions" of this court. The written argument in support of the motion is replete with such phrases as, "In the instant case there is no statement of facts," etc. " * * * In the absence of a statement of facts and in the absence of a bill of exceptions," etc. "In the opinion of appellees, the entire opinion of this court is based upon the violation of the fundamental rule that, in the absence of a statement of facts and bill of exceptions, or findings of facts, the court below is entitled to all presumptions as to evidence actually offered," etc. " * * * And the findings of this court have no basis in the record. and necessarily could have no such basis, in the absence of a bill of exceptions or findings of fact disclosing the facts within the knowledge of the trial court," etc. "The record on appeal contains no statement of facts. The record on appeal contains no findings of facts. Consequently, the record on appeal does not show upon what theory the trial court acted and does not negative every possible basis which may have existed in the record below for the trial court's action."

In the midst of their written argument, appellees reached the verge of being disrespectful to this court by the use of the following language:

"We have ventured to depart from the record because this court, without any warrant whatever and without knowledge of the proceedings in the court below, has itself departed from the record to assume facts to be true when they should assume the contrary."

The most cursory examination of the record would have disclosed to appellees that the case was not tried on its merits, but was summarily dismissed by the court from which the appeal was prosecuted. Neither a statement of fact, a finding of fact, nor a bill of exception appeared in the record; in fact, neither was to be expected or could have existed under the circumstances.

[6] On this appeal the allegations of appellant's plea of intervention constituted the statement of facts; not only so, but, for the purposes of the appeal, are accepted as true. Whether they are, in fact, true or false will be determined on the trial of the case on its merits.

We assumed nothing not authorized by the allegations of appellant's plea of intervention, which we were compelled to accept as true for the purposes of this appeal. The case was remanded for trial, subject to such legal defenses as may be properly interposed by any party.

Appellee's motion for rehearing is overruled.