### BRIGGS et al. v. BUCKNER. (No. 3714.)

Court of Civil Appeals of Texas. Texarkana. June 6, 1929.

Cunningham & Lipscomb, of Bonham, for appellants.

Couch & Couch, of Bonham, for appellee.

LEVY, J. (after stating the case as above). It is insisted by appellants that the court erred in not allowing them to file a new bond in lieu of the defective appeal bond, because (1) the statutory provision allowing appellants to amend defective bonds in appeal of civil cases by filing a new bond is an existing provision of law, and was not repealed in the revision of the laws in 1925; and (2) article 1840, R. S., applies to cases appealed from the justice courts to county courts, as well as cases appealed from county and district courts to the Courts of Civil Appeals.

Prior to 1905 there was no warrant of law for amending bonds in civil cases defective in substance in appeals from the justice courts to the county courts after the time had elapsed for perfecting an appeal. Houston & T. C. R. Co. v. Red Cross Stock Farm (Tex. Civ. App.) 43 S. W. 795. Also there was no provision of law for amending defective bonds or recognizances given in appeals of criminal cases. Accordingly, by an Act of the Legislature of 1905, p. 224, it was enacted:

"Sec. 1. When an appeal has been or shall be taken from the judgment of any of the courts of this state by filing a bond or entering into a recognizance within the time prescribed by law, in such cases and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe.

"Sec. 2. The fact that appeals from justice courts to county courts and from county and districts courts to the court of criminal appeals are frequently dismissed on account of defective bonds and recognizances, whereby the right of appeal is, in many cases, unjustly denied, creates an emergency," etc.

The caption of the law reads: "An Act to regulate appeals in the courts of the State of Texas."

In virtue of the general language of the act, it is not certain that the Legislature intended to specially deal with appeals in criminal cases. It is of doubtful meaning and susceptible upon its face of the two constructions, either that it was intended to apply strictly to appeals in criminal cases, or that it was to apply to both criminal and civil cases. At least the courts treated the act, standing as the original act, of doubtful import, and construed it as intended to apply to both

civil and criminal cases in appeals from the justice courts to the county courts. Oliver v. Ass'n (Tex. Civ. App.) 136 S. W. 508. It is proper, however, to state that this decision was made, not prior to the revision of the laws in 1911, but shortly before the revised laws became effective on September 1, 1911. Considering, therefore, the doubtful import of the original act, such resort being legitimate, the design and purpose of the Legislature in adopting the revised laws in 1911, as specially relates to the above act, may be inquired into. In the revision of the laws of the state, civil and criminal, 1911, the above Act of 1905, in precisely the same language as section 1 thereof, appeared as article 2104 of the "Revised Civil Statutes," and likewise, in precisely the same language, it appeared as article 923 of the "Code of Criminal Procedure." Although the language of the original act of 1905 remained unaltered, yet the division of it into two articles and then arranging the two articles in separate Codes was evidently done with some object and purpose in view in so doing. By dividing the act into two articles the original act can no longer stand as a single section as before. Neither article can have superiority over the other, and they must be construed together and both made to stand, for, in effect, the separation of the two articles constituted each article an independent act. As separated there is no repugnancy or inconsistency between the two articles. The article in the Criminal Code will clearly bear an interpretation in conformity with the subject-matter dealt with in such Code, which is strictly criminal law; and likewise the article in the Civil Code will bear an interpretation in conformity with the subject-matter of the Civil Code, which is strictly civil law. Thus there can fairly be implied the intention of the Legislature to remove any doubtful import of the former act by having the article in the Civil Code regarded and understood in the future as relating strictly to civil cases, and the article in the Criminal Code as relating strictly to criminal cases. And the effect of such separation of the articles was to constitute each article an independent act, separate and distinct one from the other. By the prevalent form of revision of the laws of this state the civil laws of a general nature, in distinction from local laws, are arranged with the object and purpose in view of having them stand independent and apart from the criminal laws, and to be so regarded and understood. The Legislature adopts the revised laws, although at the same session, yet by separate acts. The adoption of the Civil Code purports, as recited in the special act, to be a complete law in itself and constituting a complete combining and arranging of "all civil laws." Likewise the adoption of the Penal Code, as recited in the special act, purports to be a complete combining and arrang-

ing of "all penal laws and all laws relating to criminal procedure." In the light of the previous state of the law as it stood under the revised laws of 1911, the revision of 1925, specially dealing with the former law, can be examined and given legal effect. In the revision of the laws of this state, civil and criminal, in 1925, article 923 of the Code of Criminal Procedure as adopted in 1911 became, unaltered, article 835 of the "Code of Criminal Procedure." The former article 2104 of the Revised Civil Statutes of 1911 was entirely omitted from the Revised Civil Code of 1925. The two Codes were adopted by the Legislature, although at the same session, yet by separate and distinct acts. In respect to the Criminal Code the act recited:

"An Act to adopt and establish a 'Penal Code' and a 'Code of Criminal Procedure' for the State of Texas.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. The following titles, chapters and articles are hereby adopted and shall hereafter constitute and be known as the Penal Code of the State of Texas: (Here follows enumeration of different titles, chapters and articles applicable only to crimes.)

"Sec. 2. Be it further enacted that the following titles, chapters and articles shall hereafter constitute the Code of Criminal Procedure, to-wit: (Here follows enumeration of the different titles, chapters and articles relating to "rules applicable to the prevention and prosecution of offenses against the laws of this state.")

In the "general repealing clause" in "Section 1" it is provided: "All laws and parts of laws relating to crime omitted from this Act have been intentionally omitted, and all additions have been intentionally added, and this Act shall be construed to be an independent Act of the Legislature enacted under the caption hereof, and the articles contained in this Act, as revised, rewritten, changed, combined and codified shall not be construed as a continuation of former laws, except as otherwise herein provided."

In respect to the Civil Code the act recited:

"An Act to adopt and establish the 'Revised Civil Statutes' of the State of Texas.

"Whereas it is expedient that the general civil statutes shall be arranged in appropriate titles, chapters and articles, and that the whole should, as far as practicable, be made concise, clear and consistent; therefore,

"Section 1. Be it enacted by the Legislature of the State of Texas: That the following titles, chapters, subdivisions and articles shall hereafter constitute the 'Revised Civil Statutes' of the State of Texas."

In the "final title" of the particular act it is provided:

"Be it further enacted:

"Section 2. That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

"Section 22. That these Revised Statutes when adopted shall be, construed to be an Act of the Legislature."

■ A comparison of the two separate acts clearly shows the intention to embody in a separate Code, primarily to be interpreted in and by itself alone, the particular branches of the laws, and to be treated in that fashion. In that view article 835 of the Code of Criminal Procedure in the Revision of 1925, formerly article 923 of the revision of 1911, would be, as declared in the "repealing clause," an "independent Act of the Legislature enacted under the caption hereof," and must be regarded and understood, not as "a continuation of former laws," but, as if originally so drawn, as strictly a criminal statute. And then looking to the Civil Code of 1925, the omission of the former article 2104 of the revision of 1911 must be regarded and understood as a repeal thereof as applicable to civil cases. It was expressly declared "that all civil statutes of a general nature, in force when the revised statutes take effect, and which are not included or which are not hereby expressly continued, are repealed." By the revision of 1911 article 2104 was, as above determined, expressly made to be an article of the Civil Code, strictly applicable to civil cases and intended to be so in arranging it separately and specially in the Civil Code. Thus such article became in effect "a civil statute of a general nature," in distinction from local civil laws. Consequently an intentional omission, as seems to be of the article from the Revised Civil Code in 1925, operates to bring the omitted article within the terms of the repealing clause. It was held in American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019: "The Legislature has plenary authority to revise, and may do so in its own way and to any extent; provided, always, the substance of the proposed revision is not otherwise prohibited by the constitution. It may do so by omitting laws from the code, which when done, under the repealing clause, are repealed. It may do so by changing words or phrases for the purpose of harmony or brevity, without in fact changing the meaning; or it may do so by the incorporation of new and material matter in the revision. The term 'revise' is broad enough to permit the amendment of existing laws or statutes in these several ways"—citing cases.

■■ The second point must be overruled. Article 1840, R. S. of 1925, has application only to appeals to the Court of Civil Appeals. It was originally section 39 of the act organizing the Courts of Civil Appeals. Acts of 1892, 1st Called Sess. p. 25; 10 Gammel's Laws of Texas, p. 389. The present article is the same in slightly changed phraseology which does not affect the meaning or intention of application.

It is believed that the trial court has correctly ruled in dismissing the appeal, and the judgment is accordingly affirmed.