### ERWIN et al. v. GRIFFIN.   (No. 658.)

Court of Civil Appeals of Texas. Eastland.
Jan. 17, 1930.

Cummings & DeBusk, of Abilene, for appellants.

W. J. Cunningham and J. M. Chandler, both of Abilene, for appellee.

FUNDERBURK, J. This is a suit brought by Guy Griffin as plaintiff, against L. E. Erwin, J. R. Fielder, Charles Dawson Owen and wife, Maggie Owen, H. H. Hardin, and the Maccabees, a fraternal benefit association of Detroit, Mich. The judgment of the trial court awarded to plaintiff the recovery of the sum of $426.13, against the defendants L. E. Erwin, H. H. Hardin, C. D. Owen and wife, Maggie Owen, and established in favor of plaintiff "such portion" of a certain mechanic's and contract lien "as is needed to secure the payment of plaintiff's debt," and decreed foreclosure of same. The said "mechanic's and contract lien" appears, from allegations of plaintiff's petition, to be the one which, at the time of the trial, was owned by the Maccabees. Other provisions of the judgment need not be set out. From the judgment defendants C. D. Owen and wife, Maggie Owen, have appealed. The defendant H. H. Hardin has also appealed.

In the beginning of a consideration of the case we have reached the conclusion that we are without jurisdiction. The judgment makes no disposition of the Maccabees as a party defendant. It is therefore not a final judgment.

The want of finality in the judgment has been sought to be avoided by bringing up in a supplemental transcript a certified copy of a leaf from the "Judge's Trial Docket," wherein certain docket entries in the case appear, including one reading: "May 28/29. Plaintiff dismisses as to defendant Maccabees." The question of the sufficiency of such docket entry to meet the defect in the judgment of the court is controlled and settled by the conclusions we reached in Burleson v. Moffett (Tex. Civ. App.) 3 S.W.(2d) 544. We there determined, on the authority of the cases cited, and to which may now be added the late cases of Hudgins v. T. B. Meeks Co. (Tex. Civ. App.) 1 S.W.(2d) 681, and Luginbyhl v. Thompson (Tex. Civ. App.) 11 S.W. (2d) 380, that such docket entries "form no part of the record"; that they "have no proper place in the transcript, and cannot be considered by us."

The appeal will therefore be dismissed, and it is accordingly so ordered.