### VICK v. MOBEETIE LAND CO. (No. 3346.)

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1930.

Rehearing Denied Feb. 19, 1930.

Raymond S. Allred, of Wheeler, for appellant.

Sanders & Scott, of Amarillo, for appellee.

RANDOLPH, J. The appellees have filed a motion in this court to dismiss the appeal now being considered.

The first question presented to us is presented in that motion. The motion is based on the ground that no sufficient statutory bond was filed by appellant in the appeal of the case from the justice court to the county court which would give jurisdiction to the county court of such appeal; the appellees' objection to the bond filed in said justice court being that it was only in the sum of $50, and that, as the judgment of the justice court was for the sum of $160, the bond was therefore not in double the amount of the judgment as required by the statute and the county court had no jurisdiction of the case on appeal. When the case reached the county court, the appellant filed his motion to amend the appeal bond in that court, and the county court granted the motion and permitted the appellant to file an amended bond. The case was thereupon tried de novo in the county court, which trial resulted in a judgment against the appellant, and from such judgment he has appealed.

The appellees appeared in this court and filed their motion to dismiss the appeal in this court, for the reason that the bond in the justice court was fatally defective, in that it was not executed in double the amount of the judgment in the justice court, and there-

fore the county court had no jurisdiction to try the case, and such court, not having any jurisdiction to dispose of the case, could not permit the filing of the amended bond, and therefore this court has no jurisdiction of this appeal.

The question as to whether or not article 2104 of the Revised Civil Statutes 1911 was repealed by being left out of the Revised Civil Statutes of 1925, as discussed by the Texarkana Court of Civil Appeals in the case of Briggs v. Buckner, 19 S.W.(2d) 191, and whether or not there is any statutory authority for a trial court to permit the filing of an amended appeal bond, in our opinion, becomes immaterial under the view we take of the case. We think the county court had the undoubted right to permit such amendment when it was not an amendment of a matter of substance in which the bond was defective. It appears to us that article 2104 of the 1911 statutes was an attempt to add to the right to amend as to form and to add the right to amend in all courts where a matter of substance was involved, as well as to all matters of form. Prior to the enactment of the statutes of 1911, our Supreme Court had held that the county court (or district court) had an inherent right to permit the amendment of appeal bonds where a case was appealed from the justice court to the county court or to the district court in matters that were not of substance.

Permission to file an amended appeal bond curing its insufficiency as to amount was sustained in Shelton v. Wade, 4 Tex. 148, 51 Am. Dec. 722; Smith v. Cheatham, 12 Tex. 37; Berry v. Martin, 6 Tex. 264; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885, 886; Houston & T. C. Ry. Co. v. Red Cross Stock Farm (Tex. Civ. App.) 43 S. W. 795; Horstman v. Little, 98 Tex. 342, 344, 83 S. W. 679.

We therefore overrule the motion to dismiss the appeal in this court.

### Opinion on the Case.

This suit was filed by appellees in the justice court of Wheeler county against appellant to recover judgment for commissions alleged to be due them for services in finding a purchaser for the sale of appellant's land. On trial before the court without the intervention of a jury, judgment was rendered for appellees in the sum of $160, interest, and costs, and also establishing an attachment lien. From this judgment appeal has been taken to this court.

The nature of plaintiffs' cause of action, as noted in the transcript from the justice court, is: "Suit for commission on sale of land." There is nothing in such transcript which adds to or takes from this recital of the nature of the suit. In the county court the plaintiffs filed their "original petition," in which (eliminating the formal parts) they allege as follows:

"That heretofore, to-wit: on or about the 18th day of February, 1929, the defendant was the owner of the northwest quarter of section 86, block A–5, located and situated in Wheeler County, Texas.

"That on or about the last above mentioned date plaintiffs were engaged as brokers in the sale of real estate at Mobeetie, Texas, and the defendant on or about the 18th day of February, 1929, listed said real estate above described with plaintiffs for sale at the price of $3,200.00, one-half cash and the balance being payable in three years, bearing interest at the rate of seven per cent per annum.

"Said defendant contracted and agreed with plaintiffs at said time that if plaintiffs would procure him a purchaser of said real estate at said price, he would pay the plaintiffs a commission of five per cent of the purchase price paid for said land.

"That on or about the 25th day of February, 1929, plaintiffs procured a purchaser, one Raymond Williams, and sold the above described land for the defendant to said Raymond Williams, on the terms above stated. That the said Raymond Williams was willing, able and ready to pay defendant the above stated purchase price as consideration for said land. That the defendant has failed and refused to execute and deliver to said Raymond Williams a warranty deed for said land."

The appellant attacks the judgment rendered in the justice court and also the judgment rendered in the county court as being fundamentally erroneous, in that because a recovery was permitted upon another and distinct cause of action than that stated in the plaintiffs' petition. It is not necessary to state the grounds of recovery as based upon the evidence. Conceding that the cause of action as proved was a different cause of action from that alleged in the written pleadings filed in the county court, we are confronted by the fact that there is no proof in the record other than the allegation that suit was one to recover commission for the sale of land. This statement of the cause of action is so wide that it would admit of proof of any facts which would warrant a judgment for the plaintiffs. The pleading in the justice court may be either oral or in writing, or partly oral or partly written. A case on appeal to the county court is governed by the same rule as is applied in the justice court. The fact that the plaintiffs filed a written pleading does not evidence the fact that they did not plead orally also. The record does not authorize us to presume that there were no oral pleadings, but in support of the trial court we must presume that there were other pleadings made orally, where the record does not establish the contrary. The form in which a cause of action is stated in the justice court is of no importance. Houston & T. C. Ry. Co. v. Southern Architectural C. S.

Co., 112 Tex. 139, 245 S. W. 644, 646; Fidelity Lbr. Co. v. Bean (Tex. Civ. App.) 203 S. W. 782; Rector v. Orange Rice Mill Co., 100 Tex. 593, 102 S. W. 402; Barnes v. Sparks, 62 Tex. Civ. App. 451, 131 S. W. 611; Threadgill v. Shaw (Tex. Civ. App.) 130 S. W. 707.

McConnell v. Payne & Winfrey (Tex. Civ. App.) 229 S. W. 355, does not apply here. In that case the suit originated in the county court; hence the rules of pleading for the government of county and district courts applied.

The question discussed above enters into and controls the case on appeal, but, as to the other propositions, we have considered all of them, and hereby overrule them, and affirm the judgment of the trial court.