## EZELL v. KNAPP & ELLIOTT.

### No. 695.

Court of Civil Appeals of Texas. Eastland.

May 2, 1930.

Rehearing Denied July 10, 1931.

Beall, Beall & Beall, of Sweetwater, for appellants.

T. Vard Woodruff and B. M. Neblett, both of Sweetwater, for appellee.

HICKMAN, C. J.

Appellees recovered a judgment against appellant in the justice court of precinct No. 1, Nolan county. Within due time, appellant filed with the justice of the peace an appeal bond, which was approved by him, and a transcript of the proceedings in the justice court prepared and filed in the county court. After the case was filed in the county court, appellees filed a motion to quash the appeal bond and dismiss the appeal on the ground that the bond was defective. Before this motion was acted upon in that court, appellant filed his motion for permission to file a new and amended bond. The court overruled appellant's motion, but sustained the motion of appellees, and entered its judgment quashing the appeal bond, dismissing the cause, and adjudging all costs in the county court against appellant. The appeal is from that judgment.

There were two grounds relied upon in the

motion of appellees to quash the appeal bond and dismiss the appeal, the first ground being stated in the motion in the following language: "Plaintiffs would show to the Court that the purported appeal bond filed herein by the defendant does not comply with the provisions of article 2456, Revised Statutes of 1925, in that said appeal bond is not in double the amount of the judgment; said judgment in said Justice Court having been for the sum of $179.80, together with interest thereon from July 13, A. D., 1928, at the rate of six per cent. per annum. Judgment was rendered on March 1, 1929, and the interest on said amount up to March 1, 1929, amounted to the sum of $6.75, thereby making the true and correct amount of said judgment the sum of $186.55. That said purported appeal bond is for the sum of only $359.60, when under the law, in order to support an appeal to this court said bond should be for the sum of at least $373.10."

The second ground is stated in the motion in the following language: "Plaintiffs would further show to the court that the purported appeal bond filed herein by the defendant is not made payable to all the appellees as required by law, in that the said bond is payable to Knapp & Elliott, whereas T. E. Knapp and Frank Elliott are the appellees herein, and there being no such person in law as Knapp & Elliott."

■ Certain objections to appellant's brief urged by appellees will be disposed of before considering the appeal on its merits. Objection is urged to a consideration of appellant's third assignment of error and the proposition germane thereto. The objection seems well taken, as the error assigned is one not fundamental in its nature, and which does not appear to have ever been presented to the trial court. The only showing in the record to support this assignment and proposition is a page in the transcript purporting to be an excerpt from the judge's trial docket showing that the case had been continued by agreement at a prior term, without any notation that such continuance was without prejudice to the right of appellees to file their motion to dismiss at a later term. This court has recently held in the following cases that notations in the judge's trial docket form no part of the transcript, and cannot be considered on appeal: Burleson v. Moffett, 3 S.W.(2d) 544; Erwin v. Griffin, 24 S.W.(2d) 78; Johnson v. Williams, 24 S.W.(2d) 79.

■ Objection is also made to the statement of the nature and result of the suit contained in appellant's brief. We agree with appellee that the statement is objectionable. It purports to detail testimony of witnesses upon the trial of the case in the justice court. There is no statement of facts in the record, and the trial in the justice court is not before us. In so far as the statement in appellant's brief undertakes to recite this evidence, it is objectionable. But there is a clear statement of the nature and result of this action, with proper references to the record, which immediately follows the recital of alleged testimony in the justice court. We would not, therefore, be warranted in dismissing the appeal because of this surplusage in the statement. This is particularly true, when, as in the instant case, we are able to determine clearly, without any undue expenditure of time and labor, the questions of law presented for our review.

■■ There is also an objection to the bill of exceptions contained in the record, wherein are preserved all of the rulings of the court in one bill. We do not find it necessary to determine the question of the regularity of this bill of exceptions, for the reason that the judgment sustaining the motion to quash and dismiss the appeal is a final judgment, putting an end to the litigation. The transcript contains this judgment, with appellant's exceptions thereto and notice of appeal. This is the proper way to present the question to this court, and the bill of exceptions is surplusage. We think the record presents to us for review the correctness of the judgment of the trial court in dismissing the appeal, and shall dispose of the appeal on its merits.

■ As noted, the first objection to the original appeal bond filed by the appellant in justice court was that same was insufficient in amount. Since this case was submitted in this court, there has been published an opinion by the Court of Civil Appeals at Amarillo in the case of Vick v. Mobeetie Land Co., 24 S.W.(2d) 735, in which this exact question was presented, and in which it was decided that, where a case is appealed from the justice court to the county court, the latter court has the inherent right to permit an amendment of the appeal bond, curing its insufficiency as to amount. Several cases are cited in support of that holding. We have read the authorities there relied upon and believe that, as a whole, they support the conclusion announced.

■ The second ground of the motion to quash the appeal bond and dismiss the appeal was, as noted, that the bond was payable to Knapp & Elliott, without naming the individual members composing the partnership. We think this defect, if it may be considered a defect at all, is one as to form, and not as to substance, and the authorities above cited and referred to, which would permit an amendment as to the amount of the bond, would clearly authorize an amendment to cure this alleged defect.

The authorities cited by the Amarillo court in the above case were apparently not presented to the trial judge for his consideration. He doubtless based his ruling, in part at least, upon the authority of Briggs v. Buck-

ner (Tex. Civ. App.) 19 S.W.(2d) 190, 191, which was published shortly before the ruling was made. That authority would seem to justify the holding of the trial court in the instant case. We express no opinion as to the statutory constructions made in that case, but rest our decision upon the case of Vick v. Mobeetie Land Co., supra, and the authorities there cited.

█ It is urged that the amended appeal bond tendered by appellant in the county court was itself defective, in that same had not been filed with, and approved by, the county clerk. The whole purpose of his motion was to procure an order authorizing him to file an amended bond. Without such order, it would have been a useless thing to file the bond with the county clerk, as the statutory time for filing an appeal bond in an appeal from the justice to the county court had expired, and the clerk would not have been authorized to file and approve same.

It is our opinion that the court erred in dismissing the cause and not permitting the filing of an amended appeal bond curing the deficiencies in the original bond. The judgment will accordingly be reversed, and the cause remanded.

### On Rehearing.

After the motion for rehearing was filed in this cause, we certified certain questions to the Supreme Court upon the request of appellees.

The answers of the Supreme Court to the certified questions may be found in Ezell v. Knapp & Elliott (Tex. Com. App.) 39 S.W.(2d) 829. Upon the authority of that opinion, answering certified questions, the motion for rehearing will be overruled.