**KOSSE NAT. BANK v. DERDEN et al.**

**No. 973.**

Court of Civil Appeals of Texas. Waco.
Feb. 26, 1931.

H. O. Jennings and C. R. Glass, both of Marlin, and L. W. Shepperd, of Groesbeck, for appellant.

Albert Derden, of Corpus Christi, and Bartlett & Peterson and Llewellyn & Henderson, all of Marlin, for appellees.

GALLAGHER, C. J.

This suit was instituted by J. H. Gibson against appellee W. E. Derden to recover on two promissory notes executed by appellee to E. C. Hadley, and by him assigned and transferred to said Gibson. He alleged that each of said notes was for the sum of $625.58, and recited that the same was given in part payment for a certain tract of land situated in Limestone county, and consisting of 400 acres, and that the vendor's lien was retained to secure the same. Said Gibson prayed for judgment for his debt, with interest and attorney's fees as stipulated in said notes, and for general relief. Appellee filed an answer in said cause, consisting of a general demurrer and a general denial. He also filed a pleading in the nature of a cross-action against the Kosse National Bank, appellant herein, and against H. J. Waller, T. W. Whailey, and W. L. Forbes as individuals. He alleged therein that appellant was the successor of the First National Bank of Kosse, Tex.; that it had taken over the assets and assumed all the liabilities thereof; that he had theretofore sold and conveyed said tract of land consisting of 400 acres as aforesaid to said H. J. Waller, who was then and there acting as agent of said First National Bank; that said bank was the real purchaser and said deed was made to said Waller at its request; that the terms of said sale were negotiated and agreed upon between him and Whailey and Forbes, officers and agents of said bank. He further alleged that in all said negotiations he told said parties that his purpose in disposing of said land was to relieve himself of the burden of the indebtedness against the same; that they both knew

and understood that such was his purpose and that such relief was a substantial part of the consideration for such trade; that they prepared the deed by which said land was conveyed by him to said Waller; that said deed at the time it was prepared and at the time it was executed by him recited that all the indebtedness referred to therein was assumed by the purchaser; that, subsequent to the execution and delivery of said deed by, him and prior to the time the same was recorded, it was, without his consent, fraudulently altered and changed by the agents of said bank to read, in substance, that said conveyance was "subject to" said indebtedness, instead of reciting that the grantee assumed the same, as agreed between him and the officers and agents of said bank. He further alleged that the indebtedness sued upon herein was a part of the indebtedness which said bank had agreed to assume. He prayed in event of a recovery against him by said Gibson, that he have judgment over and against all the defendants in said cross-action for the amount so recovered, and that the deed of record from him to said Waller be reformed so as to conform to the real agreement and to show affirmatively that the grantee assumed all said indebtedness. All the defendants in said cross-action appeared and answered in the cause, denied liability, and set up special defenses. Appellant in that connection alleged affirmatively that said Waller had conveyed the land to the First National Bank by a deed containing substantially the same recitals as the deed from Derden to said Waller.

The case was submitted on special issues, in response to which the jury found, in substance, that the original agreement between appellee and said Forbes, acting for said First National Bank, was that said bank should assume the indebtedness against said tract of land and that appellee's deed conveying the same should contain such provision, and that the deed he executed and delivered did contain such provision at the time he executed and delivered the same.

The court entered judgment on the verdict in favor of said Gibson against appellee for the sum of $1,273.92, and in favor of appellee against appellant for a like sum, and, further, that the deeds of record conveying said land from appellee to said Waller and from Waller to said First National Bank be changed and reformed to read and state that the grantee in each deed, respectively, assumed the indebtedness against said tract of land. No mention of said Waller, Whailey, or Forbes, defendants in said cross-action, is made in such judgment, and there is nothing in the record before us showing any disposition of said cross-action between appellee and them.

 Our Revised Statutes provide, in substance, that an appeal may be taken to the Court of Civil Appeals from every final judg-

ment of the district court in civil cases. R. S. art. 2249. With certain statutory exceptions, it is well settled by a long line of decisions that no appeal can be prosecuted until a final judgment has been rendered. Wooton v. Jones (Tex. Civ. App.) 189 S. W. 350, 351, par. 1. Our Supreme Court, in Linn v. Arambould, 55 Tex. 611, 616, et seq., defined a final judgment to be one in which the whole matter in controversy is disposed of as to all parties. See, also, Simpson v. Bennett, 42 Tex. 241; Martin v. Crow, 28 Tex. 614, 615, et seq. The judgment rendered by the court in this case, for failure to dispose of the cross-defendants Waller, Whailey, and Forbes, lacks finality, and this court is therefore without jurisdiction of this appeal. Wootters v. Kauffman, 67 Tex. 488, 496, et seq., 3 S. W. 465; Whitaker v. Gee, 61 Tex. 217, 218; Oilmen's Reciprocal Ass'n v. Coe (Tex. Civ. App.) 6 S.W. (2d) 1046, 1047, par. 4, and authorities there cited; Community Natural Gas Co. v. Henley (Tex. Civ. App.) 11 S.W.(2d) 206, and authorities there cited; Erwin v. Griffin (Tex. Civ. App.) 24 S.W.(2d) 78; Foster v. Little Motor Kar Co. (Tex. Civ. App.) 290 S. W. 228, 230, par. 3, and authorities there cited. When it appears from the record submitted that an appellate court is without jurisdiction, it is its duty to dismiss the appeal on its own motion. Holek & Co. v. Varona, 63 Tex. 65, 66; Community Natural Gas Co. v. Henley, supra, and authorities there cited; Meredith v. Bell (Tex. Civ. App.) 7 S.W.(2d) 605, 606, par. 1; St. Louis S. W. Ry. Co. v. Elliston (Tex. Civ. App.) 128 S. W. 675; Converse v. Trapp (Tex. Civ. App.) 29 S. W. 415.

The appeal in this case is therefore dismissed.

### On Motion for Rehearing.

Appellant has filed herein application for writ of certiorari, and has attached thereto certified copy of a judgment nunc pro tunc entered by the trial court disposing of the defendants Waller, Whailey, and Forbes by dismissing the cause of action asserted against them by appellee Derden. Such judgment nunc pro tunc is based on docket entries made by the court at the time of trial, and the regularity of the proceedings is not attacked. The order of dismissal is here set aside, and the case considered and disposed of on its merits.

The judgment of the trial court is based on the affirmative finding by the jury in response to issues submitted that the original agreement between appellee Derden and W. L. Forbes, acting for the First National Bank of Kosse, was that said bank should assume the indebtedness against the tract of land conveyed by appellee to H. J. Waller as agent and representative of said bank, that appellee's deed conveying the same should contain such provision, and that the deed he executed and delivered did contain such provision at the time he executed and delivered the same.

■ Appellant presents a proposition in which it contends that there was misconduct on the part of certain members of the jury trying the case, of such nature as to render it reasonably doubtful whether their verdict was influenced thereby. W. L. Forbes was president of the First National Bank of Kosse at the time of the transaction involved in this case. He represented the bank in the final consummation thereof.. His deposition was read in evidence, and the testimony therein given was material to appellant's defense, especially on the issue of whether the deed as offered in evidence had been fraudulently altered after its execution and delivery by appellee and his wife so as to show that the bank took the title to said property subject to all prior liens, instead of assuming the indebtedness secured thereby, as contended by appellee and found by the jury. No attack on either the competency or credibility of said witness was made at the trial. During the deliberation of the jury and before a verdict was agreed upon, one of the jurors inquired why Forbes' testimony was presented by deposition instead of having him present to testify in person. One of the jurors who testified that he knew the facts replied that Forbes was not qualified as a witness and that appellant might not want him there. Upon further inquiry he stated that Forbes had been convicted and sent to the federal penitentiary for a year for some transaction in connection with said bank, but that the same was not the transaction involved in this case. These statements were made by said juror during the consideration of the first issue presented for their determination. Said issue involved appellees' charge that the deed executed and delivered by him was fraudulently altered after its delivery and before it was introduced in evidence in this case. One vote had been taken upon this issue. On such vote eleven of the jurors voted in favor of an affirmative answer thereto and one of the jurors in favor of a negative answer. Shortly after hearing said statements, all the jurors voted for an affirmative answer to all the issues submitted. Such answers were all in accord with appellee's testimony and contentions and contrary to the testimony of said Forbes and appellant's other witnesses. Three of the jurors testified on motion for new trial. The juror Murphy testified that he knew that Forbes had been convicted and sent to the penitentiary before he went on the jury, and that he thought he was the one that made the statements above recited. He denied that he was in any way influenced either by his knowledge of the facts or the recital of the same in the jury room. The juror Parten also denied that he was influenced by such statements. The juror Russell testified that he was the one who first voted for a negative answer to the first issue and afterwards joined the others in voting for an affirmative answer thereto. He further stated that he did not believe these statements influenced his decision, but that he did not know, that they might have unconsciously helped turn him over to the other side. He also testified that he recalled in that connection certain testimony concerning the note given by Waller to Derden and by him assigned to the bank and the contention that said note was, as he expressed it, "juggled." The statements under consideration made by one of the jurors to other members of the jury in their retirement constituted a communication made and testimony received by the jury within the meaning of the statute. The necessary effect thereof was to forcibly discredit appellant's most material witness, and was reasonably calculated to influence the jury in arriving at a verdict. The fact of such communication and the substance thereof were not controverted. Appellees' only contention in this connection is that it was not shown that the verdict of the jury was in fact affected thereby. As said by the court in Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, 107, par. 4: "The absence of actual effect cannot be established (conclusively, at least) by the most emphatic denials made by jurors when they are called to account."

The court cited in support of the holding quoted Hines v. Parry (Tex. Com. App.) 238 S. W. 886; San Antonio Traction Co. v. Cassanova (Tex. Civ. App.) 154 S. W. 1190; and J. H. W. Steele Co. v. Dover (Tex. Civ. App.) 170 S. W. 809. See, also, in this connection, Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104, 1106, par. 3; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008, 1012, par. 9; City of Waco v. Rast (Tex. Civ. App.) 2 S.W.(2d) 563, 565, pars. 2 to 5; Kennard v. Kennard (Tex. Civ. App.) 26 S.W.(2d) 336, 337, pars. 1 to 3, inclusive. We think that the record as a whole presents reasonable doubt as to the purity of the verdict returned in this case and that the trial court erred in refusing to grant a new trial. Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Rhoades v. El Paso & S. W. Ry. Co. (Tex. Com. App.) 248 S. W. 1064, 1066 (bottom first column), 27. A. L. R. 1048; Gulf, C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 278 S. W. 839; Hines v. Parry, supra; Southern Traction Co. v. Wilson, supra; Dallas Ry. Co. v. Skorodynski (Tex. Civ. App.) 292 S. W. 638, 639, par. 7, and authorities there cited.

Appellant in the trial court presented both by exception and pleas its contention that the purchase of said land from appellee by the First National Bank of Kosse was prohibited by the express provisions of the federal statutes, that the same was ultra vires and void, and that appellee could not lawfully recover on the alleged assumption of the indebtedness sued on by said bank. The testimony discloses that prior to the transaction under consideration said First National Bank had lawfully acquired and then held another

tract of land in Limestone county consisting of 600 acres, and was anxious to dispose of the same; that the bank traded said tract of land to appellee Derden in consideration of a nominal sum in cash, a promissory note payable to the bank in the sum of $1,220, and the further consideration that the indebtedness thereon should, as contended by appellee, be assumed by him, or, as contended by the bank, should be satisfied out of the land so conveyed. The testimony further discloses that the agreement between appellee and said bank in its entirety involved not only the purchase by him from said bank of the land aforesaid, but also the purchase by said bank from him of the land involved herein. Appellee's said land was situated in Limestone county, and consisted of 400 acres, and was incumbered by first and second liens amounting in the aggregate to approximately $17,500. Appellee, at the request of the bank, conveyed the same to H. J. Waller in consideration of a nominal sum in cash, a note executed by Waller to him in the sum of $5,000, and the further consideration that the indebtedness thereon, as contended by appellee, be assumed by the grantee and said bank, or, as contended by the bank, should be satisfied out of the land so conveyed. There is testimony tending to show that the real purpose in having appellee convey the land to Waller instead of the bank was the execution of said note and the securing of the same by a lien on the land. Appellee, under the terms of the agreement, was, without further consideration, to indorse said note without recourse and deliver it to the bank. He did so. The bank thereupon became the holder of said note, and the same was listed among its assets. Waller then conveyed the land to the bank. He recited said note in his deed of conveyance and further provided therein that such conveyance was subject to the prior indebtedness recited in appellee's deed to him. The notes sued on constituted a part of such prior indebtedness. The record shows an agreement between the parties in open court that appellant acquired all the assets of said First National Bank and assumed all its outstanding liabilities, both known and unknown.

■■ The authority of a national bank to bind itself by contract is conferred and limited by the federal statutes. In determining such authority and limitations, the decisions of the federal courts control. Wray v. Citizens' Nat. Bank (Tex. Com. App.) 288 S. W. 171, 172, par. 1, and authorities there cited; Edrington v. Gee (Tex. Civ. App.) 30 S.W.(2d) 360, 362, par. 2; Missouri, Kansas & Texas R. Co. v. Jordan (Tex. Civ. App.) 2 S.W.(2d) 312, 315, par. 5. There is no contention that the purchase from appellee by said bank of the land involved herein was within the power conferred by Congress upon national banks. On the contrary, such purchase was clearly prohibited by the provisions of section 29 of title 12 of the United States Code (12 USCA § 29). The case of Williams v. Merchants' National Bank (D. C.) 42 F.(2d) 243, involved substantially the same elements as this case. The facts in that case showed an exchange of lands held by a national bank for other lands conveyed to it and the attempted assumption by the bank as a part of the consideration therefor of an indebtedness of $35,000. That particular action was brought to recover past-due installments of interest on the indebtedness so assumed. The court held the transaction ultra vires and void, and refused a recovery on such assumption. The decision in that case was by a federal District Court, and was rendered on July 19, 1930. The published reports do not of course at this time disclose whether an appeal was prosecuted therefrom or not. We cite it, however, because it is the only case we have found involving substantially the same facts as this case. The question of the right to recover against a national bank upon its ultra vires contract was considered by the Circuit Court of Appeals for the Eighth Circuit in Jackman v. Continental National Bank, 16 F.(2d) 728, 51 A. L. R. 336. The court in that case cited discussed and distinguished a large number of decisions of the federal courts, and held [page 734, par. 5 of 16 F.(2d)], in the language of McCormick v. Bank, 165 U. S. 538, 17 S. Ct. 433, 41 L. Ed. 817, that an obligation attempted to be assumed by a national bank beyond its power to contract "will not support an action against the bank to recover anything beyond the value of what it has actually received and enjoyed." See, also, in this connection, Central Transportation Co. v. Pullman's Palace Car Co., 139 U. S. 24, 11 S. Ct. 478, 488, 35 L. Ed. 55; McQueen v. First National Bank (Ariz.) 283 P. 273, 275, pars. 2 and 3, and authorities there cited. Further discussion of the rules announced and applied by the federal courts in determining the liability of national banks on their ultra vires contracts is not deemed necessary. Appellee upon another trial will have an opportunity to assert his right to recover from appellant in accordance with the rules announced by the federal courts.

The judgment of the trial court is reversed, and the cause is remanded.