J. L. LOTT, J. Y. Lott, and Frank Lott, a Partnership doing business under the name of Lott's Mortuary, in City of Dallas, Dallas County, Texas, Appellants,

v.

Nesiah HAYES, as Administrator with Will Annexed, Individually and Personally, and as Residuary Legatee of Z. Z. Hayes, Deceased, and Estate of Z. Z. Hayes, Deceased, Appellee.

No. 4750.

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1968.

Rehearing Denied Nov. 7, 1968.

J. S. Simkins, Elgin P. Wilson, Dallas, for appellants.

W. J. Durham, Dallas, for appellee.

OPINION

WILSON, Justice.

Appellants, operators of a mortuary, filed suit in the district court against Nesiah Hayes "individually and personally, and as administrator with will annexed" of the estate of his deceased brother. He declared on a verified account for the funeral bill, alleged to be based on an oral contract entered into between Hayes and the mortuary. Appellants prayed judgment that appellee be directed to "carry out" the burial contract alleged.

Appellee filed a plea to the jurisdiction, alleging that the suit was upon a claim for funeral expenses which had been presented to the administrator and rejected by him on a specified date; that no suit was filed within 90 days thereafter to establish the claim; that after more than six months elapsed appellants sought approval of the claim by the probate court, and that court refused to act for want of jurisdiction. There was no appeal from this order.

The district court dismissed the present suit as against "the estate of" deceased, or against appellee "in any representative capacity for the estate." The appeal is attempted from that judgment. There is no severance order.

The judgment is interlocutory and is not appealable since it leaves pending the action against appellee in his individual capacity. Whitaker v. Gee, 61 Tex. 217.

The appeal is dismissed for lack of jurisdiction.